SLIP OPINION



Cite as 2014 Ark. App. 199

# ARKANSAS COURT OF APPEALS

DIVISION III
**No.** CV-13-1024

| | | |
|---|---|---|
| | | **Opinion Delivered** March 19, 2014 |
| TONIKIA CARROLL | | |
| | APPELLANT | APPEAL FROM THE PULASKI COUNTY CIRCUIT COURT, ELEVENTH DIVISION [NO. 60JV-12-309] |
| V. | | |
| ARKANSAS DEPARTMENT OF HUMAN SERVICES and MINOR CHILDREN | | HONORABLE PATRICIA JAMES, JUDGE |
| | APPELLEES | AFFIRMED; MOTION GRANTED |

## KENNETH S. HIXSON, Judge

Appellant Tonikia Carroll appeals from the termination of her parental rights to her eight-year-old daughter, T.C., and five-year-old daughter, T.H.[1] Ms. Carroll's counsel has filed a no-merit brief and a motion to withdraw, stating that this appeal is without merit and that she should be relieved as counsel. We affirm and grant appellant's counsel's motion to withdraw.

Pursuant to *Linker-Flores v. Arkansas Department of Human Services*, 359 Ark. 131, 194 S.W.3d 739 (2004), appellant's counsel has ordered the relevant portions of the record, Arkansas Supreme Court Rule 6-9(c), and concluded that after a review of the record there are no issues of arguable merit for appeal, Rule 6-9(i). Ms. Carroll was provided with a copy

---

[1] The children's fathers had little involvement in the case and their parental rights were also terminated. Neither father had any contact with the children for more than a year prior to termination, and the fathers are not parties to this appeal.

SLIP OPINION

of her counsel's brief and motion and was informed of her right to file pro se points, which she did.

We review termination-of-parental-rights cases de novo. *Dinkins v. Ark. Dep't of Human Servs.*, 344 Ark. 207, 40 S.W.3d 286 (2001). At least one statutory ground must exist, in addition to a finding that it is in the child's best interest to terminate parental rights; these must be proved by clear and convincing evidence. Ark. Code Ann. § 9-27-341 (Supp. 2013); *M.T. v. Ark. Dep't of Human Servs.*, 58 Ark. App. 302, 952 S.W.2d 177 (1997). Clear and convincing evidence is that degree of proof that will produce in the factfinder a firm conviction as to the allegation sought to be established. *Anderson v. Douglas*, 310 Ark. 633, 839 S.W.2d 196 (1992). The appellate inquiry is whether the trial court's finding that the disputed fact was proved by clear and convincing evidence is clearly erroneous. *J.T. v. Ark. Dep't of Human Servs.*, 329 Ark. 243, 947 S.W.2d 761 (1997).

On February 13, 2012, the Arkansas Department of Human Services (DHS) filed a petition for emergency custody of T.C. and T.H. Attached to the petition was an affidavit stating that there was a true finding in December 2011 against Ms. Carroll's boyfriend, Deshone Wilson, for sexual abuse against T.C. Mr. Wilson had moved to Las Vegas during the investigation, but in February 2012, Ms. Carroll allowed Mr. Wilson to move back into the home with her and her children. A DHS family service worker went to the home and Ms. Carroll told her that she was aware of the allegations of sexual abuse against her boyfriend, but she did not believe that it had happened. Ms. Carroll did acknowledge that T.C. had acted out sexually with other children, and T.C. was interviewed and told the

family service worker that Mr. Wilson had touched her inappropriately. The family service worker stated in the affidavit that Ms. Carroll did not appear to understand the seriousness of the allegations and appeared to be more concerned about her relationship with Mr. Wilson. Ms. Carroll told the worker that she was bipolar but was not taking medication, and the worker found that Ms. Carroll was not willing or capable of protecting her children. On the same day the petition was filed, the trial court entered an ex parte order for emergency DHS custody.

The trial court entered an order on February 15, 2012, finding probable cause that the juveniles were dependent-neglected. In that order, the trial court gave Ms. Carroll visitation with her children under DHS supervision and ordered Ms. Carroll to complete a psychological evaluation and maintain stable housing and employment. On April 11, 2012, the trial court entered an adjudication order finding the children dependent-neglected and set the case goal as reunification with their mother. In the adjudication order, the trial court noted that Ms. Carroll had ended her relationship with Mr. Wilson after the children had been removed from her custody.

Review orders were entered on August 8, 2012, and February 6, 2013, wherein the case goal remained reunification. However, on May 1, 2013, the trial court entered a fifteen-month review/permanency-planning order changing the case plan to termination of parental rights. In that order, the trial court found that Ms. Carroll had displayed poor judgment and that she had not shown sufficient progress in therapy with the children to maintain the goal of reunification.



DHS filed a petition to terminate Ms. Carroll's parental rights on May 17, 2013. The termination hearing was held on July 24, 2013.

On August 22, 2013, the trial court entered an order terminating Ms. Carroll's parental rights to both of her children. The trial court found by clear and convincing evidence that termination of parental rights was in the children's best interest, and the court specifically considered the likelihood of adoption, as well as the potential harm of returning the children to the custody of their mother as required by Arkansas Code Annotated section 9-27-341(b)(3)(A). The trial court also found clear and convincing evidence of the following two statutory grounds under subsection (b)(3)(B):

> (i)*(a)* That a juvenile has been adjudicated by the court to be dependent-neglected and has continued to be out of the custody of the parent for twelve (12) months and, despite a meaningful effort by the department to rehabilitate the parent and correct the conditions that caused removal, those conditions have not been remedied by the parent.

> . . . .

> (vii)*(a)* That other factors or issues arose subsequent to the filing of the original petition for dependency-neglect that demonstrate that placement of the juvenile in the custody of the parent is contrary to the juvenile's health, safety, or welfare and that, despite the offer of appropriate family services, the parent has manifested the incapacity or indifference to remedy the subsequent issues or factors or rehabilitate the parent's circumstances that prevent the placement of the juvenile in the custody of the parent.

In appellant's counsel's no-merit brief, she correctly asserts that there can be no meritorious challenge to the sufficiency of the evidence supporting termination of Ms. Carroll's parental rights. At the termination hearing it was shown that Ms. Carroll had made little or no progress toward providing a safe and stable environment for her children. Ms. Carroll testified that since the removal of her children she had lived in various places,

including a homeless shelter, with her aunt and uncle, with a friend, and at an apartment where she was later evicted for nonpayment of rent. At the time of the termination hearing Ms. Carroll lived in another apartment but was two months behind on rent, had no phone, and recently had her electricity cut off. Although Ms. Carroll is capable of working, she had not been employed for the past five months.

Dr. Paul Deyoub performed a psychological evaluation on Ms. Carroll and diagnosed depressive disorder, personality disorder, mild mental retardation, and neglect of a child from a perpetrator. Dr. Deyoub concluded that Ms. Carroll had poor judgment, was dependent on males, was easily manipulated, and had difficulty thinking independently and acting in the best interest of herself or her children. Dr. Deyoub testified that Ms. Carroll had never known a stable family environment.

Emily Robbins, the therapist for T.C., testified that she did not recommend overnight visits with Ms. Carroll because she was unsure whether the children would be safe. Ms. Robbins recounted a conversation where T.C. had asked her mother for confirmation that it would just be the three of them living together if they returned home, but Ms. Carroll did not respond or confirm that a man would not be living with them.

Angela McCoy was the family service worker assigned to the case. Ms. McCoy testified that Ms. Carroll cannot take care of herself and cannot make decisions without being told what to do. Although Ms. Carroll loved her children and had been cooperative with DHS, Ms. McCoy thought that Ms. Carroll could not adequately protect her children. Ms. McCoy gave the opinion that it was in the children's best interest to have Ms. Carroll's

SLIP OPINION

parental rights terminated. Adoption specialist Kasheena Walls testified that if termination were granted, it was very likely that T.C. and T.H. would be adopted.

Based on the evidence presented, it was clear that termination of parental rights was in the best interest of the children and that DHS proved statutory grounds. More than seventeen months had elapsed since removal of the children from Ms. Carroll's custody, and despite appropriate family services, Ms. Carroll manifested the incapacity or indifference to remedy the issues that prevented the return of the juveniles to her custody. The testimony showed that the children were adoptable and needed stability. The trial court's decision to terminate Ms. Carroll's parental rights was not clearly erroneous, and we agree that any appeal challenging the sufficiency of the evidence would be wholly without merit.

There were two other adverse rulings at the termination hearing. The first occurred during the examination of appellant's therapist, Helen Chambers, when Ms. Chambers testified that she had been told that T.H. had been going into T.C.'s bedroom in their foster home and touching T.C.'s private areas. Ms. Carroll made a hearsay objection, but the objection was overruled pursuant to Arkansas Rule of Evidence 803(4) because the statement was made for the purpose of medical treatment. Ms. Carroll's counsel accurately asserts on appeal that this ruling could not have caused any prejudice because the same information came into evidence during other parts of the proceedings without objection. There was also testimony that although the girls' foster mother had reported inappropriate touching between the girls, Ms. Carroll did not believe that it had happened.

SLIP OPINION

The remaining adverse ruling has been abstracted by appellant's counsel but is not discussed in her brief. During Ms. Carroll's examination of the foster mother, appellant's trial counsel asked the foster mother if she intended to raise the children. The trial court, however, disallowed the question because it was not relevant. Our supreme court has held that the failure to abstract or discuss every adverse ruling does not prohibit us from granting counsel's motion to withdraw and affirming a termination order when the ruling clearly did not constitute reversible error. *Lewis v. Ark. Dep't of Human Servs.*, 364 Ark. 243, 217 S.W.3d 788 (2005). *Contra Sartin v. State*, 2010 Ark. 16, 362 S.W.3d 877 (holding that any such omissions in a criminal no-merit brief require rebriefing by the appellant's counsel). The adverse ruling that Ms. Carroll's counsel failed to discuss clearly does not constitute reversible error because the desired testimony was not relevant and any possible error was not prejudicial.

In Ms. Carroll's pro se points, she asserts that she takes responsibility for the events leading to the removal of her children, and she promises that she can protect her children and will never put a man before their interests. Ms. Carroll submits that she has learned her lesson through therapy and parenting classes. However, as we have previously stated, the trial court's decision to terminate Ms. Carroll's parental rights was not clearly erroneous based on the evidence that was before the court. We conclude that Ms. Carroll's pro se points provide no grounds for reversal, and that appellant's counsel has adequately addressed the sufficiency of the evidence in her no-merit brief.

After examining the record, the brief, and the pro se points, we have determined that this appeal is wholly without merit. Accordingly, we affirm the order terminating appellant's parental rights and grant her attorney's motion to be relieved from representation.

Affirmed; motion granted.

HARRISON and BROWN, JJ., agree.

*Shannon Holloway*, for appellant.

No response.