2014 Ark. App. 413

**Karen Denise THOMPKINS and Nelson Frazier, Appellants**

v.

**ARKANSAS DEPARTMENT OF HUMAN SERVICES AND MINOR CHILDREN, Appellees.**

**No. CV–14–223.**

Court of Appeals of Arkansas.

June 18, 2014.

Leah Lanford, Arkansas Public Defender Commission, for appellant Karen Thompson.

Dusti Standridge, for appellant Nelson Frazier.

No response.

KENNETH S. HIXSON, Judge.

⌐₁Appellant Karen Thompkins and appellant Nelson Frazier appeal separately from the termination of their parental rights to their two sons, D.F., born on 02/03/2009, and T.F., born on 11/01/2001. The appellants' respective attorneys have each filed a no-merit brief and a motion to withdraw, stating that each appeal is without merit and that they should be relieved of counsel. We affirm both appeals.

Pursuant to *Linker–Flores v. Arkansas Department of Human Services*, 359 Ark. 131, 194 S.W.3d 739 (2004), and Arkansas Supreme Court Rule 6–9(i), each of the appellants' attorneys have addressed all of the adverse rulings made at the hearing from which the appeal arose, and explained why each adverse ruling is not a meritorious ground for reversal. Nelson Frazier was provided with a copy of his counsel's brief and motion and was in-

formed of his right to file pro se points. A copy of Karen Thompkins' counsel's brief and motion were mailed to ₂Karen's last known address, but was returned and marked "no longer here." Neither of the appellants have submitted any pro se points for reversal.

■ We review termination-of-parental-rights cases de novo. *Carroll v. Ark. Dep't of Human Servs.*, 2014 Ark. App. 199, 2014 WL 1092534. At least one statutory ground must exist, in addition to a finding that it is in the child's best interest to terminate parental rights; these must be proved by clear and convincing evidence. Ark.Code Ann. § 9–27–341 (Supp. 2013); *M.T. v. Ark. Dep't of Human Servs.*, 58 Ark.App. 302, 952 S.W.2d 177 (1997). Clear and convincing evidence is that degree of proof that will produce in the factfinder a firm conviction as to the allegation sought to be established. *Anderson v. Douglas*, 310 Ark. 633, 839 S.W.2d 196 (1992). The appellate inquiry is whether the trial court's finding that the disputed fact was proved by clear and convincing evidence is clearly erroneous. *J.T. v. Ark. Dep't of Human Servs.*, 329 Ark. 243, 947 S.W.2d 761 (1997).

On February 6, 2012, the Arkansas Department of Human Services filed a motion for emergency custody of D.F. and T.F. Attached to the petition was an affidavit stating that Karen had left the children with Karen's mother for about four weeks, and that the older child was found walking alone in the middle of the road. Karen's mother, who is bipolar and schizophrenic, had fallen asleep as a result of her medication, which allowed D.F. to exit her home unsupervised. Upon inquiry, Karen's mother could not provide phone numbers for either Karen or Nelson, and she did not know where they were. On the same day the petition was filed, the trial court entered an ex parte order for emergency DHS custody.

The trial court entered an order on February 13, 2012, finding probable cause that the emergency conditions requiring removal of the children continued to exist. On March 22, ₃2012, the trial court entered an adjudication order finding the juveniles to be dependent-neglected. Shortly thereafter, Karen's criminal probation was revoked for using methamphetamine and she was incarcerated through February 2013. Also during the pendency of the case, Nelson was arrested and charged with sexually assaulting a thirteen-year-old girl.

After multiple review hearings, DHS filed a petition to terminate the parental rights of both parents on June 17, 2013. The termination hearing was held on October 8, 2013.

On January 13, 2014, the trial court entered an order terminating Karen's and Nelson's parental rights. The trial court found by clear and convincing evidence that termination of parental rights was in the children's best interest, and the court specifically considered the likelihood of adoption, as well as the potential harm of returning the children to the custody of their parents as required by Arkansas Code Annotated section § 9–27–341(b)(3)(A). The trial court also found clear and convincing evidence of the following two statutory grounds pertaining to both parents under subsection (b)(3)(B):

(i) *(a)* That a juvenile has been adjudicated by the court to be dependent-neglected and has continued to be out of the custody of the parent for twelve (12) months and, despite a meaningful effort by the department to rehabilitate the parent and correct the conditions that caused removal, those conditions have not been remedied by the parent.

. . . .

(vii) *(a)* That other factors or issues arose subsequent to the filing of the original petition for dependency-neglect that demonstrate that placement of the juvenile in the custody of the parent is contrary to the juvenile's health, safety, or welfare and that, despite the offer of appropriate family services, the parent has manifested the incapacity or indifference to remedy the subsequent issues or factors or rehabilitate the parent's circumstances that prevent the placement of the juvenile in the custody of the parent.

The trial court further found, pursuant to subsection (b)(3)(B) (viii), that Nelson had been sentenced in a criminal proceeding for a period of time that would constitute a substantial period of the juveniles' lives.

In the no-merit briefs submitted to this court, appellants' attorneys correctly assert that there can be no meritorious challenge to the sufficiency of the evidence supporting termination of either parent's parental rights. Despite completing a drug-treatment program during her incarceration, Karen tested positive for methamphetamine twice after being released, including on the day of the termination hearing. Karen also failed to comply with most of the case plan, and she failed to communicate with DHS or make herself available for additional drug screens. Nelson tested positive on multiple drug screens, including testing positive for methamphetamine on the day of the termination hearing. Karen had no driver's license or transportation, and had moved from a house with no electricity into another house just two days before the hearing. Nelson testified that he had recently pleaded guilty to second-degree sexual assault and expected to serve four years in prison. Neither parent had visited their children for the past few months.

Based on the evidence presented, it was clear that termination of parental rights was in the children's best interest and that DHS proved statutory grounds. Although the trial court found multiple statutory grounds supporting termination, one will suffice. The trial court found by clear and convincing evidence that DHS proved the "other factors" ground as to both parents. The record demonstrated that twenty months had elapsed since removal of the children, and that despite appropriate family services, both parents had manifested the incapacity or indifference to remedy the issues the prevented the juveniles' return to their custody. DHS caseworker John Anderson testified that the children were adoptable, and that due to the parents' persistent drug use as well as environmental concerns, the children would be in danger if returned to either parent. The trial court's decision to terminate the appellants' parental rights was not clearly erroneous, and we agree that any appeal challenging the sufficiency of the evidence would be wholly without merit.

As Karen's counsel recites in her brief, the only other adverse ruling at the termination hearing was an adverse evidentiary ruling during Karen's testimony, and that ruling clearly was not reversible error. Karen's attorney made a relevancy objection to a question concerning how Karen had obtained opiates, and the objection was overruled. The ruling was not an abuse of discretion because the answer was relevant to establish whether Karen was spending her money on drugs. Nevertheless, Karen stated that the pills were given to her, and the objectionable question did not result in any prejudice or affect the outcome of the proceedings.

After examining the record and the briefs presented, we have determined that there has been compliance with our no-merit rules and that both appeals are with-

out merit. Accordingly, we affirm the order terminating appellants' parental rights and grant the attorneys' motions to be relieved from representation.

Affirmed; motions granted.

PITTMAN and WOOD, JJ., agree.