SLIP OPINION

# ARKANSAS COURT OF APPEALS

DIVISION III
No. CV-14-538

|  |  |
|---|---|
| | **Opinion Delivered** October 22, 2014 |
| JUSTIN FRISBY | |
| APPELLANT | APPEAL FROM THE CLEVELAND COUNTY CIRCUIT COURT [No. JV-2012-11-5] |
| V. | |
| ARKANSAS DEPARTMENT OF HUMAN SERVICES and MINOR CHILDREN | HONORABLE LARRY CHANDLER, JUDGE |
| APPELLEES | AFFIRMED; MOTION GRANTED |

## LARRY D. VAUGHT, Judge

Appellant Justin Frisby appeals from the order terminating his parental rights to his children: W.F. (dob February 15, 2006) and R.F. (dob April 3, 2010).[1] Pursuant to *Linker-Flores v. Arkansas Department of Human Services*, 359 Ark. 131, 194 S.W.3d 739 (2004), and Arkansas Supreme Court Rule 6-9(i), Frisby's attorney has filed a no-merit brief and a motion to withdraw, addressing all of the adverse rulings made at the termination hearing, explaining why each adverse ruling is not a meritorious ground for reversal, and requesting to be relieved as counsel. Frisby was provided with a copy of his counsel's brief and motion and informed of his right to file pro se points. Frisby has not filed pro se points. We affirm.

We review termination-of-parental-rights cases de novo. *Thompkins v. Ark. Dep't of Human Servs.*, 2014 Ark. App. 413, at 2. At least one statutory ground must exist, in addition to

---

[1]The parental rights of the children's mother, Sunni Frisby, were also terminated. She is not a party to this appeal.

a finding that it is in the child's best interest to terminate parental rights; these must be proved by clear and convincing evidence. *Id.* (citing Ark. Code Ann. § 9-27-341 (Supp. 2013)). Clear and convincing evidence is that degree of proof that will produce in the fact-finder a firm conviction as to the allegation sought to be established. *Id.* at 2. The appellate inquiry is whether the trial court's finding that the disputed fact was proved by clear and convincing evidence is clearly erroneous. *Id.*

W.F. and R.F. came into the custody of the Arkansas Department of Human Services (DHS) in December 2012 after their mother, Sunni, left R.F. unattended at home while she was in the woods with a knife looking for Frisby. She was under the influence of methamphetamines, which led to her arrest. Frisby was not at home at the time of Sunni's arrest. He had been incarcerated in October 2012 based on charges of breaking or entering, possession of drug paraphernalia, and methamphetamine use. Upon DHS's removal of the children from the Frisby home, they were placed in foster care. Later, W.F. was placed in the custody of his maternal aunt and uncle, and R.F. was placed in the custody of his maternal grandmother. Both parties with custody of the children have indicated their desire to adopt them.

The children were adjudicated dependent-neglected in January 2013. The goal of the case was reunification, and a case plan was developed for Frisby. A review-hearing order was entered in April 2013, wherein the trial court noted that Frisby "mostly" complied with the case plan. Although he had submitted to drug testing, completed a psychological evaluation, and completed inpatient drug treatment, he had not attended counseling. Frisby was ordered to

attend and complete counseling and to remain drug free. Another review-hearing order was entered on June 27, 2013, wherein the trial court found that Frisby was complying with the case plan, and he was ordered to continue to do so. In an October 25, 2013 review-hearing order, the trial court found that Frisby had submitted to random drug screening, completed a psychological evaluation and inpatient drug treatment, and attended counseling; however, he had not regularly attended NA/AA meetings, did not have employment or stable housing, and had criminal charges pending. Frisby was ordered, among other things, to submit to a hair-follicle test.

A permanency-planning order was entered in January 2014. In that order, the trial court noted that Frisby's hair-follicle test was positive for methamphetamines, he lacked employment and stable housing, and he had pled guilty to criminal charges. The goal of the case was changed to adoption. Thereafter, DHS filed a petition to terminate Frisby's parental rights. A termination hearing was held on March 11, 2014, and on April 2, 2014, the trial court entered an order granting DHS's petition. The trial court found by clear and convincing evidence that termination of parental rights was in W.F.'s and R.F.'s best interest, that the children were adoptable, and that Frisby's drug addiction and use demonstrated potential harm of returning the children to his custody. The trial court also found clear and convincing evidence of statutory grounds under Arkansas Code Annotated section 9-27-341(b)(3)(B)(i)(*a*) (failure to remedy conditions that caused removal), (b)(3)(B)(vii)(*a*) (subsequent factors), (b)(3)(B)(viii) (sentenced in a criminal proceeding for a time constituting a substantial period), and (b)(3)(B)(ix)*(a)(3)(A)* (aggravating circumstances).

In the no-merit brief submitted to this court, Frisby's counsel accurately explains that the only adverse ruling was the termination decision. He argues that there is no meritorious argument to challenge the sufficiency of the evidence supporting termination of Frisby's parental rights. We agree.

The trial court found that the children had been out of the parents' custody for fifteen months; Frisby failed to follow the recommendations of the drug-treatment facility upon discharge; he failed to attend NA/AA meetings as recommended; he relapsed and used methamphetamines in October 2013; he was offered to attend inpatient drug treatment but declined; he pled guilty to breaking or entering and possession of drug paraphernalia in March 2014 and was sentenced to serve five years' imprisonment; and he was incarcerated at the time of the hearing. The trial court further found that, despite the services DHS provided to Frisby, he began the case with a drug addiction and concluded the case—fifteen months later—with a drug addiction. These findings support the trial court's conclusion that DHS met its burden of proving the ground for termination set forth in Arkansas Code Annotated section 9-27-341(b)(3)(B)(i)(*a*). Because DHS is required to prove only one statutory ground for termination, it is not necessary for us to consider arguments pertaining to the other statutory grounds. *Hamman v. Ark. Dep't of Human Servs.*, 2014 Ark. App. 295, at 14, 435 S.W.3d 495, 504.

Further, there is no meritorious argument to be raised on the best-interest requirement. The evidence demonstrated that W.F. and R.F. would be at risk of potential harm if returned to Frisby's custody given that he was addicted to drugs and incarcerated for a period of five years. Moreover, there was testimony at the termination hearing that the children were

SLIP OPINION

adoptable. Therefore, on this record, the trial court's decision to terminate Frisby's parental rights was not clearly erroneous, and we agree with his counsel that any appeal challenging the sufficiency of the evidence would be wholly without merit.

Therefore, after examining the record and Frisby's counsel's no-merit brief, we determine that there has been compliance with our no-merit rules and that this appeal is without merit. Accordingly, we affirm the order terminating Frisby's parental rights and grant his attorney's motion to be relieved from representation.

Affirmed; motion granted.

GLOVER and WOOD, JJ., agree.

*Travis Ragland*, for appellant.

No response.