

# ARKANSAS COURT OF APPEALS

DIVISION II
**No.** CV-15-110

ERIC MARTIN

APPELLANT

V.

ARKANSAS DEPARTMENT OF HUMAN
SERVICES and MINOR CHILD

APPELLEES

**Opinion Delivered** June 17, 2015

APPEAL FROM THE RANDOLPH
COUNTY CIRCUIT COURT
[No. JV-2012-146]

HONORABLE KEVIN NEIL KING,
JUDGE

AFFIRMED

## LARRY D. VAUGHT, Judge

Appellant, Eric Martin, appeals the Randolph County Circuit Court's termination of his parental rights to his son, J.M. On appeal, he argues that the court erred in denying his request for a continuance of the termination hearing and that there was insufficient evidence that the Department of Human Services (DHS) had provided him with enough time to reunify with J.M. We affirm.

Martin is the biological father of J.M., born October 29, 2012. At the time of J.M.'s birth, Martin was incarcerated. Martin was released, but he was again incarcerated on August 21, 2013. He was released on May 29, 2014. He reported to DHS on June 2, 2014, set up a paternity-testing appointment, and began parenting classes. He completed paternity testing on June 12, 2014, which confirmed that he was the biological father of J.M. He was scheduled to attend a second parenting class and a DHS staffing on July 14, 2014, but he did not appear. Martin stated that he had misunderstood the time of the appointments. The

parenting class was rescheduled for the following day, and the staffing was rescheduled for July 22. Martin did not appear for either appointment. On July 31, 2014, the DHS caseworker went to Martin's home and provided him with information about reunification services that would be provided to him. At that time, he failed a drug screening; he tested positive for THC and benzos. DHS employees then tried to call him multiple times to reschedule the parenting class and the staffing, but he did not return their calls. On August 13, 2014, DHS learned that Martin had been arrested and was incarcerated again. On August 18, Martin contacted his DHS caseworker from jail and asked her to visit him. On August 21, the DHS worker went to the Randolph County jail and spoke with Martin regarding his case. She informed him that the termination-of-parental-rights (TPR) petition had been filed and that there was a TPR hearing set for September 30. She advised him that, if there were relatives interested in taking J.M., they should contact her for a home study. On September 10, DHS learned that Martin's probation had been revoked and he was serving a sentence in the Arkansas Department of Correction (ADC). The DHS case worker testified that, during the brief period when Martin was not incarcerated, he never exercised visitation with or sent anything to J.M.; he also never sent the child anything. No relatives ever contacted DHS about a home study.

At the beginning of the termination hearing on November 18, 2014, Martin moved for a continuance. He stated that he would be released from the ADC in March 2015. He also stated that his father wanted to complete a home study in order to take J.M. The court denied the motion.

SLIP OPINION

On December 9, 2014, the court entered an order terminating Martin's parental rights to J.M.[1] The court found that J.M. had lived outside the home for at least twelve months and that Martin had willfully failed to provide significant material support in accordance with his means or to maintain meaningful contact with J.M. Specifically, the court found that Martin had not maintained a relationship of any kind with J.M., even when Martin was not incarcerated. The court further found that other factors had arisen subsequent to J.M.'s placement in DHS custody that demonstrated that placement with Martin would be contrary to J.M.'s health, safety, or welfare and that Martin's incapacity or indifference to remedy those issues prevented placement of J.M. with him. Specifically, Martin did not follow through with parenting classes or attend staffing appointments. He did not abstain from drugs and alcohol. He did not comply with the terms of his probation and was subsequently incarcerated. The court also found that Martin had subjected J.M. to aggravated circumstances, and that there was little likelihood that further services to Martin would result in successful reunification. Martin filed a timely notice of appeal.

We review termination-of-parental-rights cases de novo. *Thompkins v. Ark. Dep't of Human Servs.*, 2014 Ark. App. 413, at 2, 439 S.W.3d 81, 83. At least one statutory ground must exist, in addition to a finding that it is in the child's best interest to terminate parental rights; these must be proved by clear and convincing evidence. *Id.* (citing Ark. Code Ann. § 9-27-341 (Supp. 2013)). Clear and convincing evidence is that degree of proof that will produce in the fact-finder a firm conviction as to the allegation sought to be established. *Id.*

---

[1] The order also terminated the parental rights of Kevin Richey as to J.M.'s half sister. The mother's rights as to both children had been previously terminated. None of those terminations are at issue in this appeal.

at 2, 439 S.W.3d at 83. The appellate inquiry is whether the trial court's finding that the disputed fact was proved by clear and convincing evidence is clearly erroneous. *Id.*

Martin's first argument on appeal is that the trial court erred in denying his motion for a continuance. A motion for continuance should be granted only upon a showing of good cause. *Butler v. Ark. Dep't of Human Servs.*, 2010 Ark. App. 570, at 4. We will not reverse a denial of a motion for continuance absent an abuse of discretion amounting to denial of justice. *Smith v. Ark. Dep't of Human Servs.*, 93 Ark. App. 395, 401, 219 S.W.3d 705, 708 (2005). Lack of diligence by the moving party is a sufficient reason to deny a motion for continuance. *Id.*, 219 S.W.3d at 708. Additionally, we will not reverse absent a showing of prejudice from the denial of the motion for continuance. *Id.*, 219 S.W.3d at 708. Here, the trial court did not abuse its discretion, and Martin cannot demonstrate prejudice. Martin did not request the continuance until the beginning of the termination hearing, which demonstrated a lack of diligence sufficient to support the denial. Moreover, there was no prejudice because Martin's past behavior indicated that, even if the court allowed a continuance until he was released from prison, he was not likely to follow through with all of the steps necessary for reunification. Finally, although the DHS worker had advised Martin months earlier that, if there was a relative interested in placement, the relative should contact DHS and get a home study. This was never done. Despite knowing that Martin was incarcerated and that J.M. was in foster care, Martin's father made no efforts to obtain custody of J.M. prior to the termination hearing. The trial court's decision to deny Martin's request for a continuance was not an abuse of discretion.

Martin next argues that there was insufficient evidence that DHS had provided him with sufficient time to utilize reunification services and attempt to reunify with J.M. The court explicitly found that, despite being free for several months, Martin failed to follow through with reunification services. He never exercised visitation, never sent J.M. letters, never provided material support, and did not refrain from drug and alcohol use or criminal activity. The goal of the termination statute is to provide permanency for the minor child, *Meriweather v. Ark. Dep't of Health & Human Servs.*, 98 Ark. App. 328, 332, 255 S.W.3d 505, 507 (2007), which would have been thwarted had the court granted Martin's request for an indefinite extension of time. Finally, Martin has not challenged the court's findings as to the statutory grounds for termination or J.M.'s best interest. Therefore, Martin has asserted no legal basis for reversal of the trial court's order terminating his parental rights to J.M. *See Welch v. Ark. Dep't of Human Servs.*, 2010 Ark. App. 798, at 8, 378 S.W.3d 290, 295 (explaining that termination of parental rights is a two-step process that requires the circuit court to find that the parent is unfit based on at least one statutory ground for termination and that termination is in the best interest of the child).

Affirmed.

HARRISON and GRUBER, JJ., agree.

*Terry Goodwin Jones*, for appellant.

*Tabitha Baertels McNulty*, Office of Policy & Legal Services, for appellee.

*Chrestman Group, PLLC*, by:  *Keith L. Chrestman*, attorney ad litem for minor child.