
# ARKANSAS COURT OF APPEALS

DIVISION I

No. CV–16–532

| | |
|---|---|
| BRIAN BROWN<br><br>APPELLANT<br><br>V.<br><br>ARKANSAS DEPARTMENT OF HUMAN SERVICES AND MINOR CHILDREN<br><br>APPELLEES | **Opinion Delivered:** October 5, 2016<br><br>APPEAL FROM THE BENTON COUNTY CIRCUIT COURT [NO. JV2015-279-3]<br><br>HONORABLE THOMAS E. SMITH, JUDGE<br><br>AFFIRMED |

## RAYMOND R. ABRAMSON, Judge

Brian Brown appeals from the Benton County Circuit Court order terminating his parental rights to his four children, C.B., C.B.2., B.B., and R.B.[1] On appeal, Brown argues that the circuit court erred in denying his motion to continue the termination hearing. We affirm.

On May 12, 2015, the Arkansas Department of Human Services ("DHS") exercised an emergency hold over C.B., C.B.2., B.B., and R.B. after Brown had left the children with a friend and did not return for them. Brown's mother had evicted him and the children because Brown, who was addicted to methamphetamine, had severely damaged her house.

---

[1] The court also terminated the parental rights of the children's mother, Tanya Elders. However, she is not a party to this appeal.

SLIP OPINION

The court entered an ex parte order for emergency custody and subsequently found probable cause to maintain the children in DHS custody.

On June 16, 2015, the court adjudicated the children dependent–neglected. In the order, the court noted that DHS had been involved with the family since 2005 and had offered them housing referrals, food-pantry referrals, and assistance with reapplying for food stamps. The court ordered Brown to comply with the case plan, submit to random drug screens, attend and complete parenting classes, obtain and maintain stable housing and employment, and submit to a drug-and-alcohol assessment and complete all of its recommendations.

On September 8, 2015, the court entered a review order but made no findings on Brown's compliance. The court ordered that Brown appear at DHS every Thursday.

On October 2, 2015, DHS filed a motion to terminate reunification services. Following a hearing on the motion, the court entered an order terminating reunification services on November 10, 2015. The court found little likelihood that services to the family would result in successful reunification. The court noted that Brown had attended only one visit with the children, had not completed a drug-and-alcohol assessment, had not attended individual counseling or parenting classes, had not submitted to random drug screens, and had not maintained stable housing or employment. Further, as to the order to appear at the DHS office on Thursdays, the court noted that Brown had appeared on September 10, September 17, and September 24 but that he had failed to appear on October 1.

SLIP OPINION

On December 1, 2015, the court entered a permanency-planning order changing the goal of the case from reunification to adoption. On December 21, 2015, DHS filed a petition for termination of Brown's parental rights.

On February 2, 2016, the court held a termination hearing. At the onset of the hearing, Brown asked the court to continue the case for six weeks. He informed the court that he was scheduled to begin an inpatient drug-treatment program at Decision Point the following day. He explained that he had tried to enter the program earlier but that the facility did not have availability until February 3. The court then asked Brown when he had last used drugs, and he responded "four weeks." The court also asked him whether he had passed the drug test scheduled for that day, and he responded, "I am waiting on going to the bathroom." The court then denied Brown's request for a continuance.

The court proceeded with the termination hearing, and at the conclusion of the hearing, the court orally terminated Brown's parental rights. The court entered a written order on March 15, 2016. Brown timely appealed the order to this court. The sole issue on appeal is whether the court abused its discretion in denying Brown's motion for continuance. Brown asserts that the court should have granted his request because he had plans to enter the drug-treatment program the day following the termination hearing.

A motion for continuance should be granted only upon a showing of good cause. *Butler v. Ark. Dep't of Human Servs.*, 2010 Ark. App. 570. We will not reverse a denial of a motion for continuance absent an abuse of discretion amounting to denial of justice. *Smith v. Ark. Dep't of Human Servs.*, 93 Ark. App. 395, 401, 219 S.W.3d 705, 708 (2005). Lack of diligence by the moving party is a sufficient reason to deny a motion for continuance. *Id.*

Additionally, we will not reverse absent a showing of prejudice from the denial of the motion for continuance. *Id.*

In this case, we hold that the circuit court did not abuse its discretion and that Brown cannot demonstrate prejudice. Brown did not request the continuance until the beginning of the termination hearing, which demonstrated lack of diligence sufficient to support the denial. *See Martin v. Ark. Dep't of Human Servs.*, 2015 Ark. App. 407, 465 S.W.3d 881. Moreover, there was no prejudice because Brown's past behavior indicated that even if the court allowed a continuance, he was not likely to follow through with all of the steps necessary for reunification. *See id.* Accordingly, the circuit court's decision to deny Brown's request for a continuance was not an abuse of discretion.

Affirmed.

HARRISON and KINARD, JJ., agree.

*Leah Lanford*, Ark. Pub. Defender Comm'n, for appellant.

*Mary Goff*, Office of Chief Counsel, for appellee.

*Chrestman Group, PLLC*, by: *Keith L. Chrestman*, attorney ad litem for minor children.