
# ARKANSAS COURT OF APPEALS

DIVISION III
**No.** CV-17-352

| | |
|---|---|
| | **Opinion Delivered:** September 27, 2017 |
| MACEO ABRAHAM, SR., AND KARRI SMITH<br><br>APPELLANTS<br><br>V.<br><br>ARKANSAS DEPARTMENT OF HUMAN SERVICES AND MINOR CHILD<br>APPELLEES | APPEAL FROM THE PULASKI COUNTY CIRCUIT COURT, EIGHTH DIVISION<br>[NO. 60JV-15-1692]<br><br>HONORABLE WILEY A. BRANTON, JR., JUDGE<br><br>AFFIRMED; MOTIONS TO WITHDRAW GRANTED |

**WAYMOND M. BROWN, Judge**

Appellants Maceo Abraham and Karri Smith appeal separately from the termination of their parental rights to their son, M.A., born 12/03/15. Appellants' respective attorneys have each filed a no-merit brief and motion to withdraw as counsel pursuant to *Linker-Flores v. Arkansas Department of Human Services*,[1] and Arkansas Supreme Court Rule 6-9(i), asserting that there are no issues of arguable merit to support the appeal. Counsel's briefs contain an abstract and addendum of the proceedings below, detail all adverse rulings made at the termination hearing, and explain why there is no meritorious ground for reversal. The clerk of this court sent copies of the briefs and motions to withdraw to appellants,

---

[1]359 Ark. 131, 194 S.W.3d 739 (2004).

informing them of their right to file pro se points for reversal. Smith has filed a statement of points. We affirm the termination and grant counsels' motions to withdraw.

The Arkansas Department of Human Services (DHS) took a seventy-two-hour hold on M.A. on December 8, 2015, due to the threat of immediate danger to the health or physical well-being of the child. The court issued an ex parte order for emergency custody on December 11, 2015. In that order, the court noted that DHS had an active foster-care case involving appellants and their daughter in which it was found that appellants had subjected the child to "extreme and repeated cruelty that could endanger the life of the [child]." In the probable-cause order filed on January 4, 2016, the court found the existence of probable cause for M.A. to remain in DHS's custody, but granted Smith supervised visitation. M.A. was adjudicated dependent-neglected due to parental unfitness in an order filed on March 18, 2016. In that same order, the court noted that appellants' parental rights to their daughter had been involuntarily terminated. The court filed a permanency-planning order on July 5, 2016, setting the goal as reunification with Smith. However, in the permanency-planning order of October 27, 2016, the court changed the goal to adoption.

DHS filed a petition to terminate appellants' parental rights on November 23, 2016, alleging several grounds for termination.[2] The termination hearing took place on January

---

[2](1) Failure to remedy; (2) failure to provide significant material support or to maintain meaningful contact; (3) abandonment; (4) a sibling of the child has been found to be dependent-neglected as a result of abuse that could endanger the life of the child; (5) subsequent factors or issues arose demonstrating that a return to the parents is contrary to the child's health, safety, or welfare; (6) a party was found to have committed a felony battery or assault that resulted in serious bodily injury to any juvenile or to have aided, abetted, or attempted to do so; (7) and the child has been subjected to aggravated

3, 2017. The court filed an order terminating appellants' parental rights on February 6, 2017. The court found that the termination of appellants' parental rights was in M.A.'s best interest. It specifically found that M.A. was adoptable and that potential harm would result if he were returned to appellants. The court terminated appellants' parental rights on all grounds pled by DHS except for failure to provide significant material support or to maintain meaningful contact and abandonment. Both parties timely filed notices of appeal.

We review termination-of-parental-rights cases de novo.[3] At least one statutory ground must exist, in addition to a finding that it is in the child's best interest to terminate parental rights; these must be proved by clear and convincing evidence.[4] Clear and convincing evidence is that degree of proof that will produce in the fact-finder a firm conviction as to the allegation sought to be established.[5] The appellate inquiry is whether the trial court's finding that the disputed fact was proved by clear and convincing evidence is clearly erroneous.[6]

---

circumstances in that (a) a determination has been made that there is little likelihood that services to the family will result in successful reunification, (b) a child or sibling has been neglected or abused to the extent that the abuse or neglect could endanger the life of the child, and (c) the parents have had their parental rights involuntarily terminated as to a sibling of the child.

[3]*Carroll v. Ark. Dep't of Human Servs.*, 2014 Ark. App. 199.

[4]Ark. Code Ann. § 9-27-341 (Repl. 2015); *Thompkins v. Ark. Dep't of Human Servs.*, 2014 Ark. App. 413, 439 S.W.3d 81.

[5]*Thompkins*, *supra*.

[6]*Id.*

In the no-merit briefs submitted to this court, appellants' attorneys correctly assert that there can be no meritorious challenge to the sufficiency of the evidence supporting the terminations. The court took judicial notice of the previous involuntary termination of appellants' parental rights to their daughter, without objection. Although the court found multiple statutory grounds supporting termination, only one ground is necessary. The trial court found by clear and convincing evidence that DHS proved that appellants had their parental rights to another child involuntarily terminated. Thus, the trial court's decision to terminate appellants' parental rights on this ground was not clearly erroneous.

Smith's pro se points raise no issues of arguable merit; they involve sufficiency issues that are adequately covered in her attorney's brief or issues that are not preserved for appeal. From our review of the record and briefs presented to us, we conclude that appellants' counsel have complied with the requirements set by the Arkansas Supreme Court, and we hold that the appeal is wholly without merit. Accordingly, we grant counsel's motions to withdraw and affirm the order terminating appellants' parental rights.

Affirmed; motions to withdraw granted.

GRUBER, C.J., and WHITEAKER, J., agree.

*Leah Lanford*, Arkansas Public Defender Commission, for appellant Maceo Abraham.

*Brett D. Watson, Attorney at Law, PLLC*, by: *Brett D. Watson*, for appellant Karri Smith.

No response.