Cite as 2025 Ark. App. 322

# ARKANSAS COURT OF APPEALS
## DIVISION III
### No. CV-25-74

| | |
|---|---|
| EDDIE LEE<br><br>APPELLANT<br><br>V.<br><br>ARKANSAS DEPARTMENT OF HUMAN SERVICES AND MINOR CHILD<br><br>APPELLEES | Opinion Delivered May 21, 2025<br><br>APPEAL FROM THE JEFFERSON COUNTY CIRCUIT COURT<br>[NO. 35JV-23-339]<br><br>HONORABLE EARNEST E. BROWN, JR., JUDGE<br><br>AFFIRMED |

**WENDY SCHOLTENS WOOD, Judge**

Eddie Lee appeals the Jefferson County Circuit Court's order terminating her parental rights to her son, Minor Child (MC) (DOB 02/18/15).[1] Her sole point on appeal is that circuit court abused its discretion when it denied her motion for a continuance of the termination hearing. We affirm the circuit court's order.

On October 30, 2023, the Arkansas Department of Human Services (DHS) exercised an emergency hold on MC after DHS was contacted by the Jefferson Regional Medical Center where MC was a patient. When MC was ready to be discharged, Lee could not be found. The affidavit in support of the petition for emergency custody and dependency-neglect alleged that a hold was necessary because the family service worker's interviews with

---

[1]MC's father's rights were also terminated, but he is not a party to this appeal.

MC, Lee, a nurse at the hospital, and a family friend said that Lee was erratic, appeared intoxicated, was using drugs, did not have housing and was living in motels or staying with friends, and appeared to be unwilling or unable to meet MC's need for food, clothing, shelter, or medical care. The circuit court granted the petition for emergency custody on October 31.

The court held a hearing on November 2 and found that probable cause supported removal of MC from Lee. The court found that Lee's substance abuse seriously affected her ability to supervise, protect, and care for MC and that Lee was either unwilling or unable to meet MC's need for food, clothing, shelter, and medical care. The court ordered Lee to submit to a hair-follicle exam that day and to attend drug rehabilitation and counseling if the results were positive, which they were. The court also ordered Lee to submit to an expedited psychological exam. The court awarded Lee supervised visitation at DHS. After a hearing on December 7, the court adjudicated MC dependent-neglected on the basis of failure to supervise and failure to provide appropriate shelter after finding that Lee stipulated to dependency-neglect. The court set a goal of reunification and approved the case plan developed by DHS.

Following a May 16, 2024 permanency-planning hearing, the circuit court entered an order on July 19, changing the goal of the case to adoption and finding that Lee's compliance with the case plan and orders of the court had been "zero." The court found that Lee had an extensive history with DHS and had been given every chance to take advantage of services but had failed to do so. The order stated that Lee's visitation with MC had been suspended

and that Lee's May 3 hair-follicle drug test was positive for methamphetamine and amphetamines. The court also found the existence of aggravated circumstances; specifically, it found that there is little likelihood that further services will result in a successful reunification.

On June 17, DHS filed a petition to terminate Lee's parental rights to MC alleging the subsequent-factors and aggravated-circumstances (little likelihood) grounds and that termination was in MC's best interest. The petition alleged that Lee's drug problems persisted; she had failed to comply with the case plan; her weekly visitation with MC was "out of control" and had been suspended for months; and there is no indication that Lee's housing, mental-health, or drug-addiction issues would ever be addressed.

The court held a termination hearing on August 1. When the court asked Lee's counsel whether Lee was present at the hearing, counsel said that Lee had sent a text stating that the Heber Springs Police Department had called to ask her to "come pick up her daughter," and Lee asked her counsel to request a continuance. Counsel told Lee that she would need to pick up her daughter after the hearing, and Lee responded, "[W]ell, you can [a]ppeal it." The court denied the motion for continuance, and the hearing was held.

Kamelia Edwards, the DHS supervisor over Lee's case, testified that Lee had not completed any of the services required by the case plan. Specifically, Edwards said that Lee's last hair-follicle test was positive for methamphetamine and amphetamines; that her visitation was suspended in February due to her abusive behavior to MC; that Lee had failed to complete court-ordered drug treatment or parenting classes; that her psychological

evaluation stated that she had mental-health and substance-abuse issues; and that she had accepted DHS's help in obtaining housing and was given a voucher for a two-bedroom home to accommodate both her and MC, but she chose a one-bedroom home instead. Edwards also added that Lee's parental rights had been terminated to seven other children and that there had been a prior four-year dependency-neglect case involving MC. Finally, the DHS adoption supervisor testified that MC "is highly adoptable" and that a data match had identified 191 possible adoptive families.

At the conclusion of the hearing, the circuit court terminated Lee's parental rights on the basis of subsequent factors and aggravated circumstances, specifically finding in its order that Lee's actions and attitude toward MC had been "cruel to the point" that the court had ceased all visitation more than five months before the termination hearing and that there was "ZERO likelihood" that services would result in a successful reunification given Lee's erratic behavior, her failure to comply with the case plan, and her overall instability. The court also found that termination is in MC's best interest. This appeal followed.

Lee's sole point on appeal is that the circuit court abused its discretion in denying her motion for a continuance of the termination hearing. She argues that she was denied the opportunity to be present and defend against the termination petition and that the court failed to perform a balancing test or consider her rights. Lee contends that she suffered prejudice because her attorney was unable to present a defense without Lee's presence and that there would have been no prejudice to any party by allowing a continuance.

4

A motion for continuance should be granted only upon a showing of good cause. *Butler v. Ark. Dep't of Hum. Servs.*, 2010 Ark. App. 570, at 4. We will not reverse the denial of a motion for continuance absent an abuse of discretion amounting to the denial of justice. *Wright v. Ark. Dep't of Hum. Servs.*, 2018 Ark. App. 503, at 8, 560 S.W.3d 827, 832. Lack of diligence by the moving party is a sufficient reason to deny a motion for continuance. *Smith v. Ark. Dep't of Hum. Servs.*, 93 Ark. App. 395, 401, 219 S.W.3d 705, 708 (2005). Additionally, to prevail on appeal, an appellant must demonstrate prejudice from the denial of a motion for a continuance. *Wright*, 2018 Ark. App. 503, at 8, 560 S.W.3d at 832.

In this case, Lee did not ask for the continuance until the beginning of the termination hearing, which we have held demonstrates lack of diligence sufficient to support the denial. *See Martin v. Ark. Dep't of Hum. Servs.*, 2015 Ark. App. 407, at 4, 465 S.W.3d 881, 884; *Brown v. Ark. Dep't of Hum. Servs.*, 2016 Ark. App. 455, at 4. Moreover, there was no prejudice because Lee's past behavior demonstrated that even if the court had granted a continuance, she was not likely to follow through with all the steps necessary for reunification. *Martin*, 2015 Ark. App. 407, at 4, 465 S.W.3d at 884; *Wright*, 2018 Ark. App. 503, at 9, 560 S.W.3d at 833; *Brown*, 2016 Ark. App. 455, at 4. The court found there was "ZERO" likelihood that additional services would result in reunification, Lee's rights had already been terminated to seven children, and this was the second dependency-neglect case involving Lee and MC. We hold that the court's denial of Lee's motion was not an abuse of discretion.

Affirmed.

5

HARRISON and BROWN, JJ., agree.

*Jennifer Oyler Olson*, Arkansas Commission for Parent Counsel, for appellant.

*Ellen K. Howard*, Ark. Dep't of Human Services, Office of Chief Counsel, for appellee.

*Dana McClain*, attorney ad litem for minor child.