Cite as 2026 Ark. App. 321
# ARKANSAS COURT OF APPEALS

DIVISION II
**No.** CR–25–643

| | |
|---|---|
| | **Opinion Delivered** May 20, 2026 |
| BRYAN TANKSLEY<br><br>APPELLANT<br><br>V.<br><br>STATE OF ARKANSAS<br><br>APPELLEE | APPEAL FROM THE ASHLEY COUNTY CIRCUIT COURT [NO. 02CR-20-181]<br><br>HONORABLE ROBERT B. GIBSON III, JUDGE<br><br>AFFIRMED; MOTION TO WITHDRAW GRANTED; REMANDED TO CORRECT SENTENCING ORDER |

## BRANDON J. HARRISON, Judge

Bryan Tanksley appeals the revocation of his suspended imposition of sentence (SIS). Tanksley's attorney has filed a no-merit brief and a motion to withdraw as counsel pursuant to Ark. Sup. Ct. R. 4–3(b)(1) (2025) and *Anders v. California*, 386 U.S. 738 (1967), asserting that this appeal is wholly without merit.[1] The clerk of this court mailed a copy of counsel's motion and brief to Tanksley's last-known address informing him of his right to file pro se

---

[1]This is a companion case to two other cases: 02CR–20–140, a 2020 guilty plea to possession of a controlled substance and possession of drug paraphernalia for which Tanksley was serving six years' imprisonment and two years' SIS; and 02CR–24–58, a 2024 guilty plea to possession of a controlled substance and possession of drug paraphernalia in which a jury trial was held on sentencing, and the court sentenced Tanksley to a total of eighteen years' imprisonment. The circuit court held a combined revocation hearing for 02CR–20–140 and this case, 02CR–20–181, and held a combined sentencing hearing in all three cases. Tanksley has filed separate appeals, and today we hand down opinions in all three cases.

points for reversal, but he has not done so. We affirm the revocation and grant the motion to withdraw but remand for correction of the sentencing order.

In a criminal information filed 13 August 2020, the State charged Tanksley with possession of a controlled substance, Sched. I/II; possession of drug paraphernalia; and possession of a controlled substance, Sched. VI (02CR-20-181). In September 2020, Tanksley pled guilty to all three charges, and the court imposed an aggregate sentence of six years' imprisonment and two years' SIS.

On 22 March 2024, the State charged Tanksley with committing possession of a controlled substance (morphine) and possession of drug paraphernalia (02CR-24-58). On 2 April 2024, the State petitioned to revoke Tanksley's suspended sentences in 02CR-20-181 and 02CR-20-140 based on his commission of these new drug-related offenses.

At a hearing on 16 December 2024, the court received evidence regarding the revocations. The evidence presented at the revocation hearing has been detailed in a separate opinion also handed down today. *See Tanksley v. State*, 2025 Ark. App. 328, ___ S.W.3d ___ (CR-25-641). In addition, the court considered sentencing for the revocations at a combined hearing for Tanksley's sentencing in 02CR-24-58. The evidence presented at that hearing is described in detail in *Tanksley v. State*, 2025 Ark. App. 322, ___ S.W.3d ___ (CR-25-644), also handed down today.

Because the facts, issues on appeal, and argument presented here are identical to those presented in CR-25-641, which is also handed down today, it is unnecessary to restate them here. From our review of the record and the brief presented, we hold that any appeal would be wholly without merit. However, we note that there is a clerical error in the sentencing

2

order.  Tanksley was charged as a habitual offender, and the original sentencing order reflects he was sentenced as a habitual offender.  But the sentencing order upon revocation checks the habitual-offender box for only count one (possession of a controlled substance, Sched. I/II) and not count two (possession of drug paraphernalia).  The circuit court is free to correct a clerical error to have the judgment speak the truth.  *Battles v. State*, 2024 Ark. App. 198.  Thus, we affirm Tanksley's convictions but remand to the circuit court with instructions to correct the sentencing order.  Appellate counsel's motion to withdraw is granted.

Affirmed; motion to withdraw granted; remanded to correct sentencing order.

BARRETT and HIXSON, JJ., agree.

*Denise D. McMillan*, for appellant.

One brief only.