Donna SMITH *v.*
ARKANSAS DEPARTMENT of HUMAN SERVICES

CA 04-1309 219 S.W.3d 705

Court of Appeals of Arkansas
Opinion delivered December 7, 2005

*DeNita D. Moak*, for appellant.

*Gray Allen Turner*, for appellee.

*Teresa McLemore*, Attorney ad Litem, for appellee M.S.

ANDREE LAYTON ROAF, Judge. This is a no-merit appeal from a termination of parental rights. Counsel for Donna Smith has filed a motion to withdraw and a no-merit brief pursuant to *Linker-Flores v. Ark. Dep't of Human Servs.*, 359 Ark. 131, 194 S.W.3d 739 (2004) (*Linker-Flores I*), and Ark. Sup. Ct. R. 4-3(j)(1). Smith was provided a copy of counsel's brief, and filed *pro se* points for reversal pursuant to Ark. Sup. Ct. R. 4-3(j)(2). Arkansas Department of Human Services (DHS) has filed a brief in response. We affirm the trial court's termination of Smith's parental rights.

Because this is a no-merit appeal, only a brief recitation of the event that led to the minor child's removal from the home is necessary. On January 17, 2003, DHS exercised a seventy-two hour hold on M.S. after her mother, Donna Smith, was arrested on drug-related charges. DHS received a call reporting that five children, including M.S., had been found in a home in which there had been a methamphetamine lab raid. The lab, including chemicals and a Bunsen burner, was found in a closet adjacent to a room in which the children slept. The house was in disarray with a bad odor, and roaches were everywhere. M.S. was very sick and had to be taken to the doctor. After M.S. was taken into DHS custody, Smith was arrested, because DHS did not want the mother arrested in front of the children. DHS then filed a petition for emergency custody alleging that Smith's home was environmentally unsafe; that M.S.'s health and safety were at risk because there was a

methamphetamine lab next to the bedroom where she slept; and that M.S. had no appropriate caregivers because both of her parents were incarcerated.

The termination hearing in this case was held on July 7, 2004, a year and a half later. At that time, Smith was incarcerated, having been convicted of the methamphetamine-related offenses that led to her arrest at the beginning of the case. She was sentenced to seventy-two months' imprisonment. Because she was incarcerated, she was not in attendance at the hearing. Apparently, her attorney had only filed his request for transportation of Smith to the hearing a few days earlier. The request had not been granted, and he moved for a continuance. The motion was denied, and Smith's testimony was taken via telephone. The denial of Smith's motion for continuance is the sole adverse ruling resulting from the termination hearing, in addition to the trial court's ultimate decision to terminate.

In *Linker-Flores I, supra,* our supreme court held that the no-merit procedure set forth in *Anders v. California,* 386 U.S. 738 (1967), shall apply in cases of indigent-parent appeals from orders terminating parental rights. The court held that appointed counsel for an indigent parent on a first appeal from a termination order may petition to withdraw as counsel if, after a conscientious review of the record, counsel can find no issue of arguable merit for appeal. *Id.* Counsel's petition must be accompanied by a brief discussing any arguably meritorious issue for appeal. *Id.* The indigent parent must be provided with a copy of the brief and notified of her right to file points for reversal within thirty days. *Id.* If the appellate court determines, after a full examination of the record, that the appeal is frivolous, the court may grant counsel's motion and dismiss the appeal.[1] *Id.* If the court finds any of the legal points arguable on the merits, it will appoint new counsel to argue the appeal. *Id.* The court allowed Linker-Flores's counsel to file a no-merit brief. On November 17, 2005, the supreme court decided *Linker-Flores II,* based upon the *Anders* procedure. *Linker-Flores v. Ark. Dep't of Human Servs.,* 364 Ark. 224, 217 S.W.3d 107 (2005) (*Linker-Flores II*). In a companion case to *Linker-Flores II,* handed down on the same day, *Lewis v. Ark. Dep't of Human Servs.,*

---

[1] The appropriate procedure pursuant to *Anders* is to grant counsel's motion to withdraw and affirm the conviction, not dismiss the appeal. *See Moore v. State,* 362 Ark. 70, 207 S.W.3d 493 (2005).

364 Ark. 243, 217 S.W.3d 788 (2005), the court also held that a "conscientious review of the record" requires the appellate court to review all pleadings and testimony in the case on the question of the sufficiency of the evidence supporting the decision to terminate, when the trial court has taken the prior record into consideration in its decision. The supreme court further held that only adverse rulings arising at the termination hearing need be addressed in the no-merit appeal where there has been no appeal from the prior orders in the case, because the prior orders are considered final appealable orders pursuant to Ark. R. App. P. – Civ. 2(c)(3). Accordingly, this court must review the entire record on the issue of the trial court's ultimate decision to terminate, and, additionally, any adverse ruling made in the course of the termination hearing itself.

In this case, the trial court found that the child had come into care due to the parents' drug use and instability; that the child had been out of the home in excess of twelve months and conditions had not been remedied, that the mother was incarcerated again for drugs and had failed to provide support for the child, that the mother had been sentenced to 144 months in prison for having a meth lab in her home with the child present; that she had been incarcerated twice in the child's short life; and that she had failed to provide permanency, support, or for the basic needs of the child.

 Based upon our review of the record, the trial court's findings in this regard are supported by the record and constitute more than clear and convincing evidence warranting termination, pursuant to Ark. Code Ann. § 9-27-341 (Repl. 2002) and the prior published case law from both this court and the supreme court. *See Trout v. Ark. Dep't Human Servs.*, 359 Ark. 283, 197 S.W.3d 486 (2004). There simply is no case authority upon which to base reversal of a trial court's decision to terminate under circumstances such as were present in this case, even where the parent has made some attempts to rectify her conditions. There were no such attempts made in this case in any event. An appeal on the merits of this case would indeed be wholly frivolous. *See Trout, supra; Camarillo-Cox v. Ark. Dep't of Human Servs.*, 360 Ark. 340, 201 S.W.3d 391 (2005).

With regard to the adverse ruling which occurred at the termination hearing, a trial court shall grant a motion for continuance only upon a showing of good cause and only for so long as is

necessary. *Green v. State*, 354 Ark. 210, 118 S.W.2d 563 (2003). The law is well established that the granting or denial of a motion for continuance is within the sound discretion of the trial court, and that court's decision will not be reversed absent an abuse of discretion amounting to a denial of justice. *Id.* When deciding whether a continuance should be granted, the trial court should consider the following factors (1) the diligence of the movant; (2) the probable effect of the testimony at trial; (3) the likelihood of procuring the witness's attendance in the event of postponement; (4) the filing of an affidavit, stating not only what facts the witness would prove, but also that the appellant believes them to be true. *Id.* Additionally, the appellant must show prejudice from the denial of a motion for continuance. *Id.*

■ This issue also does not present a meritorious issue on appeal. Smith's counsel was not diligent in requesting the transportation order and did not make a motion for continuance until the day of the termination hearing, which was not diligent. Moreover, Smith was not prejudiced, as she was allowed to testify via telephone.

■ Finally, Smith has filed what purports to be points for reversal in the form of a letter to the clerk. Her letter advised that she expected to be out of prison by September 2005 and prayed that she be given more time to prove to the court that she can change. A subsequent letter advised that she is now out of prison, has a home and a job, and asks to see her daughter. Smith does not raise any issue in her letters which would provide a basis for a meritorious appeal. Accordingly, counsel's motion to withdraw is granted, and the trial court's order terminating parental rights is affirmed.

BIRD and BAKER, JJ., agree.