

# ARKANSAS COURT OF APPEALS

DIVISION I
No. CV-13-404

|  |  |
|---|---|
| ROSE WILLIAMS<br><br>APPELLANT<br><br>V.<br><br>ARKANSAS DEPARTMENT OF HUMAN SERVICES and MINOR CHILDREN<br>APPELLEES | **Opinion Delivered** September 25, 2013<br><br>APPEAL FROM THE GARLAND COUNTY CIRCUIT COURT<br>[No. JV-2011-815]<br><br>HONORABLE VICKI SHAW COOK, JUDGE<br><br>AFFIRMED; MOTION TO WITHDRAW GRANTED |

## LARRY D. VAUGHT, Judge

This is an appeal from the order entered on March 13, 2013, by the Garland County Circuit Court terminating the parental rights of Rose Williams to her children, H.W. (DOB 8-31-09) and V.W. (DOB 4-22-11).[1] Counsel for Williams has filed a motion to withdraw and a no-merit appeal brief pursuant to *Linker-Flores v. Arkansas Department of Human Services*, 359 Ark. 131, 194 S.W.3d 739 (2004), and Rule 6-9(i) of the Rules of the Arkansas Supreme Court and Court of Appeals. On June 11, 2013, the clerk of our court sent Williams a copy of her counsel's motion and brief via certified mail, along with a letter informing her of the right to file pro se points for reversal. The return receipt was received June 24, 2013; however, Williams has not filed pro se points. Based on our review of the record, we affirm the trial court's termination of Williams's parental rights and grant counsel's motion to withdraw.

---

[1]This order also terminated the parental rights of Larry Derrick (the father of V.W.) and Bobby Cagle (the putative father of H.W.); however, they are not parties to this appeal.

SLIP OPINION

On December 16, 2011, the Department of Human Services (DHS) received a call from the Hot Springs Pediatric Clinic reporting that Williams and Derrick were at the clinic with H.W. and V.W. and that Williams was exhibiting hostile behavior and using harsh language. The children were said to be filthy, malodorous, and without shoes. Williams stated that she was homeless. Upon DHS's arrival at the clinic, two officers with the Hot Springs Police Department were already there and were in the process of arresting both Williams and Derrick for outstanding warrants. DHS removed the children from Williams's custody and exercised a seventy-two-hour hold based on allegations of inadequate housing and environmental issues. Emergency custody was granted to DHS on December 22, 2011. The children were adjudicated dependent-neglected February 8, 2012. Custody was continued with DHS, and the goal was reunification. Williams was ordered to follow the case plan, remain sober, submit to random drug testing, complete parenting classes, submit to counseling, maintain stable employment and housing, submit to a medical and psychological evaluation and follow all recommendations, attend anger-management classes, notify DHS of transportation issues, and visit with the children.

Review hearings were held on April 4, 2012, and August 1, 2012. Following those hearings, the trial court continued custody of the children with DHS but continued the goal of reunification despite findings that Williams minimally complied with the case plan. At a permanency-planning hearing on December 4, 2012, the trial court again noted minimal compliance on the part of Williams and changed the goal of the case to adoption.

SLIP OPINION

On December 16, 2012, DHS filed a petition to terminate parental rights, and a termination hearing was held on February 13, 2013. At the conclusion of the hearing, the trial court granted the petition to terminate the parental rights of Williams, finding that the children had been out of her custody for over fourteen months, that DHS made reasonable efforts to provide services, and that while Williams made recent progress toward rehabilitating herself, she had not complied with the court's orders and case plan. Specifically, the court found that Williams had no stable housing or employment and that her current housing and financial circumstances were dependent on a boyfriend. The court also found evidence of Williams's instability—citing her marijuana use and her need for medication and counseling. The court further noted that Williams did not follow the recommendations of her psychological evaluation, as she voluntarily discontinued counseling with two therapists. The trial court cited evidence that Williams did not attend all of the visitations and that she was more concerned about her social life than complying with the case plan. Finally, the trial court found that there was evidence that the children were adoptable and entitled to stability. Based on these findings, the court found that Williams failed to remedy the conditions that caused removal and that subsequent to the filing of the original emergency petition, other factors or issues arose which demonstrated that return of the children to Williams was contrary to their health, safety, and welfare.[2] The trial court's order detailing these findings was entered March 13, 2013.

In *Smith v. Arkansas Department of Human Services*, our court explained the procedure for no-merit appeals in termination-of-parental-rights cases:

---

[2]These grounds are set forth in Arkansas Code Annotated section 9-27-341(b)(3)(B)(i)(*a*) and (vii)(*a*) (Supp. 2011).

3

SLIP OPINION

In *Linker-Flores I*, *supra*, our supreme court held that the no-merit procedure set forth in *Anders v. California*, 386 U.S. 738 (1967), shall apply in cases of indigent-parent appeals from orders terminating parental rights. The court held that appointed counsel for an indigent parent on a first appeal from a termination order may petition to withdraw as counsel if, after a conscientious review of the record, counsel can find no issue of arguable merit for appeal. *Id.* Counsel's petition must be accompanied by a brief discussing any arguably meritorious issue for appeal. *Id.* The indigent parent must be provided with a copy of the brief and notified of her right to file points for reversal within thirty days. *Id.* If the appellate court determines, after a full examination of the record, that the appeal is frivolous, the court may grant counsel's motion and dismiss the appeal. *Id.* If the court finds any of the legal points arguable on the merits, it will appoint new counsel to argue the appeal. *Id.* The court allowed Linker-Flores's counsel to file a no-merit brief. On November 17, 2005, the supreme court decided *Linker-Flores II*, based upon the *Anders* procedure. *Linker-Flores v. Ark. Dep't of Human Servs.*, 364 Ark. 224, 217 S.W.3d 107 (2005) (*Linker-Flores II* ). In a companion case to *Linker-Flores II*, handed down on the same day, *Lewis v. Ark. Dep't of Human Servs.*, 364 Ark. 243, 217 S.W.3d 788 (2005), the court also held that a "conscientious review of the record" requires the appellate court to review all pleadings and testimony in the case on the question of the sufficiency of the evidence supporting the decision to terminate, when the trial court has taken the prior record into consideration in its decision. The supreme court further held that only adverse rulings arising at the termination hearing need be addressed in the no-merit appeal where there has been no appeal from the prior orders in the case, because the prior orders are considered final appealable orders pursuant to Ark. R. App. P.–Civ. 2(c)(3). Accordingly, this court must review the entire record on the issue of the trial court's ultimate decision to terminate, and, additionally, any adverse ruling made in the course of the termination hearing itself.

93 Ark. App. 395, 399, 219 S.W.3d 705, 707–08 (2005).

The termination of parental rights involves a two-step process in which the trial court must find that the parent is unfit and that termination is in the children's best interest, considering the likelihood of adoption and the potential for harm if the children are returned to their parent's custody. *Murray v. Ark. Dep't of Human Servs.*, 2013 Ark. App. 431, at 6, ___ S.W.3d ___, ___. We will reverse a trial court's findings only if they are clearly erroneous, i.e., if we are left with a definite and firm conviction that a mistake has been made. *Id.*, ___ S.W.3d at ___.

In this no-merit appeal, counsel for Williams argues that the evidence supports the trial court's findings. We agree. At the onset of this case, the children were homeless, lacked proper hygiene, were poorly clothed, and Williams was exhibiting erratic and hostile behavior. Williams was ordered to secure stable employment, stable housing, attend counseling, and remain drug-free. However, she did not comply with these orders. Williams moved several times during the pendency of the case and was living with a boyfriend at the time of the hearing. She had no income, no job, and no job prospects. She refused to attend counseling, and she tested positive for drugs. This evidence not only supports both grounds for termination, but also demonstrates the potential harm in returning the children to Williams. Finally, an adoption specialist testified that the children were adoptable. Because the findings by the trial court are not clearly erroneous, we hold that there is no basis for reversal of the trial court's decision to terminate Williams's parental rights.

Williams's counsel has also identified one adverse evidentiary ruling and has explained why it would not support a reversal. During the cross-examination of Deb Geddings, the court appointed special advocate (CASA) for the children, counsel for Williams asked Geddings how many CASA cases she had. Geddings said that she had four other CASA cases, to which counsel for Williams asked, "How did those other cases turn out?" DHS counsel objected based on relevance, and the trial court sustained the objection. Counsel for Williams argues that this adverse ruling does not provide any grounds for appeal.

Rule 402 of the Arkansas Rules of Evidence provides that evidence that is not relevant is not admissible. Ark. R. Evid. 402 (2012). Arkansas Rule of Evidence 401 defines "relevant

evidence" as having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence. Ark. R. Evid. 401 (2012). How Geddings's other CASA cases were resolved does not have any tendency to make the existence of any fact that is of consequence to the determination of Williams's parental rights more or less probable. It is not relevant evidence; therefore, it is not admissible, and the trial court did not abuse its discretion in excluding it. Accordingly, this adverse evidentiary ruling could not create a meritorious issue on appeal.

Affirmed; motion to withdraw granted.

PITTMAN and WALMSLEY, JJ., agree.

*Deborah R. Sallings*, Arkansas Public Defender Commission, for appellant.

No response.