

# ARKANSAS COURT OF APPEALS

DIVISION III
No. CV–16–52

|  |  |
|---|---|
| ELIZABETH JAMES<br><br>APPELLANT<br><br>V.<br><br>ARKANSAS DEPARTMENT OF HUMAN SERVICES AND MINOR CHILD<br><br>APPELLEES | **Opinion Delivered**  May 18, 2016<br><br>APPEAL FROM THE PULASKI COUNTY CIRCUIT COURT, TENTH DIVISION<br>[NO. 60JV–14–1534]<br><br>HONORABLE TED CAPEHEART, SPECIAL JUDGE<br><br><br>AFFIRMED |

## WAYMOND M. BROWN, Judge

Appellant Elizabeth James appeals the Pulaski County Circuit Court's termination of her parental rights to her son, A.H. Her sole argument on appeal is that the trial court abused its discretion in denying her motion for a continuance. We find no error and affirm.

A.H. was removed from appellant's custody on November 14, 2014, after he tested positive for methamphetamines, amphetamines, and marijuana, and appellant tested positive for PCP and marijuana. A.H. was adjudicated dependent–neglected based upon written stipulations of neglect and parental unfitness on January 8, 2015. Appellant's termination hearing was set for October 8, 2015. A pretrial conference was held on September 10, 2015. Following the conference, the court granted a continuance to A.H.'s legal father, Gumesindo

Hernandez, because he had not been properly served. As such, Hernandez's termination hearing was continued to October 28, 2015.

On October 5, 2015, appellant filed a motion for a continuance. The motion recited that appellant needed time "in order to obtain outside counsel to protect her rights." It also indicated that appellant "will have the ability to retain counsel on Monday, October 5, 2015 after she is paid." Appellant asserted that a continuance would not prejudice DHS's case or delay permanency for A.H., because Hernandez's rights also had to be terminated.

Appellant's motion for continuance was renewed at the beginning of the termination hearing. The court denied the motion after stating that appellant's attorney had indicated in chambers that appellant had $750 to hire an attorney. The court asserted that it did not believe "there's any guarantee she'd get a lawyer if she had plenty of time to get one." The court then went forward with the proceedings. After hearing the evidence, the court entered an order terminating appellant's parental rights. The court found that A.H. was "highly" adoptable; that there was potential harm in returning A.H. to appellant; and that two grounds for termination existed.[1] Appellant does not challenge these findings on appeal. Her argument is limited to the trial court's denial of a continuance.

A motion for continuance should be granted only upon a showing of good cause.[2] We will not reverse a denial of a motion for continuance absent an abuse of discretion

---

[1]Subsequent-factors ground and aggravated-circumstances ground.

[2]*Butler v. Ark. Dep't of Human Servs.*, 2010 Ark. App. 570.

2

amounting to denial of justice.[3]  Lack of diligence by the moving party is a sufficient reason

to deny a motion for continuance.[4]  Additionally, we will not reverse absent a showing of

prejudice from the denial of the motion for continuance.[5]

Here, the trial court granted Hernandez a continuance following the pretrial hearing

on September 10, 2015.  Although appellant was present, she did not seek a continuance at

that time.  Instead, she waited three days before the scheduled hearing to file a motion for

continuance.  In the motion, she indicated that she would be able to retain counsel on

October 5, 2015; however, when she appeared for the termination hearing on October 8, she

still had not retained outside counsel and only had $750 with which to do so.  Additionally,

appellant has failed to show how she was prejudiced by the court's denial of her motion.

Therefore, we find no abuse of discretion and affirm the trial court.[6]

Affirmed.

HARRISON and WHITEAKER, JJ., agree.

*Tabitha B. McNulty*, Arkansas Public Defender Commission, for appellant.

*Jerald A. Sharum*, Office of Chief Counsel, for appellee.

*Chrestman Group, PLLC*, by:  *Keith L. Chrestman*, attorney ad litem for minor child.

---

[3] *Smith v. Ark. Dep't of Human Servs.*, 93 Ark. App. 395, 219 S.W.3d 705 (2005).

[4] *Id*.

[5] *Id*.

[6] To the extent that appellant attempts to make constitutional and balancing-test arguments, those issues are not properly before us because appellant failed to make them to the trial court.  Even in a case involving termination of parental rights where constitutional issues are argued, we will not consider arguments made for the first time on appeal.  *Myers v. Ark. Dep't of Human Servs.*, 91 Ark. App. 53, 208 S.W.3d 241 (2005).