Cite as 2019 Ark. App. 444

# ARKANSAS COURT OF APPEALS

DIVISION I
**No.** CV-19-356

| | |
|---|---|
| STORMY GIPSON | **Opinion Delivered:** October 2, 2019 |
| APPELLANT | APPEAL FROM THE PULASKI COUNTY CIRCUIT COURT, TENTH DIVISION [NO. 60JV-17-928] |
| V. | |
| ARKANSAS DEPARTMENT OF HUMAN SERVICES AND MINOR CHILDREN | HONORABLE JOYCE WILLIAMS WARREN, JUDGE |
| APPELLEES | AFFIRMED |

## WAYMOND M. BROWN, Judge

Appellant Stormy Gipson appeals from the order of the Pulaski County Circuit Court terminating her parental rights to her children, B.V. and H.B.[1]  On appeal, appellant argues that the circuit court abused its discretion when it denied her motion for continuance at the termination hearing.  We affirm.

On August 21, 2017, the Arkansas Department of Human Services (DHS) filed a petition for emergency custody and dependency-neglect.  Attached to the petition was the affidavit of the DHS caseworker, which stated that on August 18, the child-abuse hotline received a report alleging that appellant was going to jail following a "drug bust" in the

---

[1]The parental rights of H.B.'s legal father, Vincente Benavidez, were also terminated; however, he is not a party to this appeal.

home. Sergeant Travis Cummings confirmed that appellant was being charged with possession of methamphetamine with purpose to deliver, simultaneous possession of drugs and guns, maintaining a drug premises, felony possession of drug paraphernalia, and felony child endangerment. Appellant admitted to the caseworker that she had been selling drugs out of the home in the presence of her minor children. Appellant tested positive for THC, methamphetamine, and amphetamine. Appellant expressed a desire for her children to be placed in the care of her mother, Joanne Gipson, who also resided in the home; however, Joanne also tested positive for methamphetamine and amphetamine. An emergency order was entered that same day placing the children in the custody of DHS. A probable-cause order was entered the following day continuing the children in the legal custody of DHS.

On September 7, 2017, the circuit court adjudicated B.V. and H.B. dependent-neglected due to neglect and parental unfitness by appellant. After holding two review hearings and a permanency-planning hearing, the circuit court changed the case goal to adoption and authorized DHS to file a petition to terminate parental rights. On August 27, 2018, DHS filed the termination petition.

The termination hearing was scheduled for October 17, 2018. On October 11, DHS requested a continuance because H.B.'s father had not been properly served with the termination petition. In granting the motion, the circuit court noted that B.V.'s putative father had also not been properly served with notice. The termination hearing was rescheduled for November 29.

On November 29, the termination hearing was again continued until January 17, 2019, as a result of the court's finding that all parties had still not been properly served with

2

the notices to which they were entitled, specifically noting that the warning order for B.V.'s putative father was defective.

At the termination hearing held on January 17, 2019, appellant's counsel requested a continuance because appellant had been extradited to Texas on a parole violation and could not provide testimony via telephone as "Texas has no interstate phone system to allow testimony by inmates." Counsel argued that appellant "deserves a right to put on her defense"; however, he acknowledged that although the continuance request was for three months, it was unclear if appellant would be released from the Texas facility within that time frame.

DHS and the ad litem both opposed the continuance request, noting that the termination petition had already been pending for eight to nine months, and the children had a need for permanency. The circuit court denied the motion and proceeded with the termination hearing.

On January 31, 2019, the circuit court entered an order terminating appellant's parental rights to B.V. and H.B. on five statutory grounds: (1) failure to remedy, (2) failure to provide significant material support and maintain meaningful contact, (3) abandonment, (4) subsequent factors, and (5) aggravated circumstances. The circuit court further found that termination was in the children's best interest considering both the likelihood of adoption and the risk of potential harm to the children if returned to appellant. She now appeals from the termination order.

On appeal, appellant does not challenge the sufficiency of the evidence supporting the statutory grounds for termination of her parental rights or the circuit court's best-interest

3

findings. She argues only that the circuit court erred in denying her motion for continuance at the termination hearing.

A motion for continuance should be granted only upon a showing of good cause.[2] We will not reverse a denial of a motion for a continuance absent an abuse of discretion amounting to a denial of justice.[3] Lack of diligence by the moving party is sufficient reason to deny a motion for continuance.[4] Additionally, we will not reverse absent a showing of prejudice from the denial of the motion for continuance.[5]

Here, appellant was extradited to Texas on December 10, 2018, which was more than five weeks prior to the termination hearing, yet appellant did not request a continuance until the January 17, 2019 hearing. Nor was a continuance request made immediately upon learning of the Texas facility's lack of an interstate phone system to allow testimony by inmates. Appellant did not move for continuance until the beginning of the termination hearing, which demonstrated a lack of diligence sufficient to support the denial of the motion.[6]

---

[2]*Butler v. Ark. Dep't of Human Servs.*, 2010 Ark. App. 570, at 4.

[3]*Smith v. Ark. Dep't of Human Servs.*, 93 Ark. App. 395, at 401, 219 S.W.3d 705, 708 (2005).

[4]*Id.*, 219 S.W.3d at 708.

[5]*Martin v. Ark. Dep't of Human Servs.*, 2015 Ark. App. 407, at 4, 465 S.W.3d 881, 883–84.

[6]*Id.* at 4, 465 S.W.3d at 884–85.

Furthermore, in *Butler*,[7] the parent requested a continuance due to physical injuries suffered in a car accident rendering her a paraplegic. The circuit court denied the request.[8] This court found no abuse of discretion in the circuit court's decision to proceed with the termination hearing, noting that the parent was represented by counsel throughout the termination proceeding and failed to demonstrate the likelihood of attendance if the continuance was granted.[9] The same is true herein. Appellant's counsel, who represented her throughout the pendency of the case, including at the termination hearing, was uncertain of appellant's ability to attend even if a three-month continuance was granted. He stated,

> I cannot promise the Court that she'll be out in two months and I can't promise that she'll be out in four months, but what I would ask for today is for a three-month continuance for good cause and let's see if she's, hopefully, here by that time.

Due to the uncertainty of appellant's ability to attend the hearing in the event of continuance and mindful that the ultimate goal of the termination statute is to provide permanency for the minor children,[10] we hold that the circuit court did not abuse its discretion by denying appellant's motion for continuance.

Additionally, regarding appellant's assertion that it was arbitrary and prejudicial for the circuit to deny her one request for continuance when it had granted two continuances

---

[7]2010 Ark. App. 570.

[8]*Id.*

[9]*Id.*

[10]*Martin, supra.*

to DHS, we are unpersuaded. First, appellant did not object to either of the continuances granted to DHS. Second, appellant benefited from those continuances in that the delay gave her more time in which to comply with the case plan and court orders; however, despite the extra time, appellant failed to do so. Third, appellant failed to demonstrate how granting the continuance would have changed the outcome of the termination hearing.[11]

Appellant next contends that she was prejudiced by the denial of her continuance motion because it prevented her from preserving claims of (1) ineffective assistance of counsel and (2) DHS's failure to diligently pursue relative placement.

In *Taffner v. Arkansas Department of Human Services*,[12] the court stated that claims of ineffective assistance of counsel would not be considered on appeal unless the issue was first raised and fully developed in the circuit court. Appellant asserts that the denial of her request for continuance prejudiced her because it prohibited her from complying with the requirement to first raise the issue before the circuit court in order to preserve an ineffective-assistance-of-counsel claim for appellate review. At the termination hearing, appellant was represented by counsel. If she wished to raise an ineffective-assistance claim, she could have requested that he do so. Appellant has provided no authority that her presence at the termination hearing was necessary to preserve an ineffective-assistance-of-counsel claim.

Appellant also argues that she was prejudiced by the denial of her continuance motion because she was unable to preserve a challenge to DHS's failure to diligently pursue relative

---

[11] *See Sanderson v. Ark. Dep't of Human Servs.*, 2012 Ark. App. 481.

[12] 2016 Ark. 231, 493 S.W.3d 319.

6

placement with her mother, Joanne Gipson. Again, appellant's counsel could have raised the issue on her behalf. Her presence was not required for preservation purposes. Furthermore, DHS testified that all attempts at relative placement had been unsuccessful. Particularly regarding appellant's mother, DHS stated that the children were not able to be placed with her due to her financial hardships, housing instability, and concerns regarding drug use as noted when the children were first removed from the home. It was appellant's burden to demonstrate that she suffered prejudice from the denial of the motion for continuance. We hold that she has failed to carry her burden.

For the reasons stated herein, we find no abuse of discretion in the circuit court's denial of appellant's motion for continuance. Therefore, we affirm the order terminating her parental rights.

Affirmed.

KLAPPENBACH and HIXSON, JJ., agree.

*Tabitha McNulty*, Arkansas Commission for Parent Counsel, for appellant.

*Andrew Firth*, Office of Chief Counsel, for appellee.

*Chrestman Group, PLLC*, by: *Keith L. Chrestman*, attorney ad litem for minor children.

7