Cite as 2022 Ark. App. 95

# ARKANSAS COURT OF APPEALS

DIVISION I

**No.** CV-21-470

| | |
|---|---|
| ROBIN BRITT<br>APPELLANT<br><br>V.<br><br>ARKANSAS DEPARTMENT OF HUMAN<br>SERVICES AND MINOR CHILD<br>APPELLEES | **Opinion Delivered** February 23, 2022<br><br>APPEAL FROM THE FULTON COUNTY<br>CIRCUIT COURT<br>[NO. 25JV-19-40]<br><br>HONORABLE LEE WISDOM HARROD,<br>JUDGE<br><br>AFFIRMED |

## WAYMOND M. BROWN, Judge

Appellant Robin Britt appeals the June 30, 2021 order of the Fulton County Circuit Court terminating her parental rights to her daughter, N.T. (DOB: 08/09/2017).  On appeal, Britt argues that the circuit court abused its discretion when it denied her motion for continuance at the termination hearing.  We affirm.

Britt has an extensive history with the Arkansas Department of Human Services (DHS).  On August 19, 2016, prior to the opening of this case with N.T., Britt's parental rights to five other children were involuntarily terminated.  In that case, the circuit court found that Britt[1] had failed to maintain stable housing, failed to remedy the reasons for removal, and had not complied with the case plan.

---

[1]Britt was also known by the name Robin Holloway.

N.T. was taken into DHS custody on a seventy-two-hour hold on November 13, 2019,[2] due to allegations of inadequate supervision, environmental neglect, and food insecurity. A probable-cause order was entered on December 10 with the court finding that probable cause existed to continue N.T. in the custody of DHS. Britt was ordered to follow the case plan; obey orders of the court; cooperate with DHS; maintain weekly contact with DHS; keep DHS informed of current address and phone numbers; inform DHS of any changes in contact information; obtain and maintain clean, safe, and stable housing with utilities; allow DHS access to the home for monitoring purposes; obtain and maintain stable employment; watch "The Clock is Ticking" video; participate in and complete parenting classes; and remain drug-free and submit to random drug screens. N.T. was adjudicated dependent-neglected based on environmental neglect in March 2020, following the December 19, 2019 adjudication hearing. The adjudication order noted that Britt had failed a drug test by testing positive for methamphetamine. The goal of the case was established as reunification.

A videoconference review hearing was held on April 1 at which the circuit court found:

Robin Britt is mostly noncompliant with the case plan. She lives in Ash Flat with her father and Frankie Thorn and has had minimal contact with the department. She has not made herself available for drug screens. She has completed the clock is ticking video but has not started parenting classes, not attended a drug and alcohol assessment. She has attended ZOOM video visits recently.

The goal of the case remained reunification with a fit parent.

On April 21, 2020, Sharp County law enforcement were dispatched to the Ponderosa Motel in Sharp County. There they encountered Britt, Thorn, and James Eric Martin, Britt's boyfriend, who were all living together at the motel. Martin had pulled a knife on Thorn and threatened to kill him over a dispute concerning their eviction from the motel.

---

[2]At the time of removal, N.T. was living in the home of her putative father, Frankie Thorn, but was in the legal custody of Britt.

On June 5, DHS filed a motion for finding of aggravated circumstances, motion to terminate reunification services, and petition for termination of parental rights. DHS argued that termination was in N.T.'s best interest because Britt had not made more than minimal efforts to accomplish reunification in the six months the case had been open; Britt failed to maintain contact with DHS or N.T.; failed to maintain stable housing; continued to use drugs and avoid drug testing; had not attended parenting classes; had not attended referred counseling; and had prior involuntary terminations of her parental rights to her older children. DHS argued that N.T. is adoptable and would be at risk of harm if returned to Britt's custody.

On June 10, a court appointed special advocate (CASA) visited Britt's new home in Missouri where she and Thorn lived with Thorn's mother. The CASA worker observed trash and hazardous items in the yard and found the home to be very dirty with dirty dishes and open food containers in the home.

A video review hearing was held on July 15, and the circuit court again found Britt noncompliant. Britt was living in Missouri, had not attended parenting classes, had not attended a drug-and-alcohol assessment, had not called in for drug screens as ordered, and had not submitted to any drug screens since the office visit on April 1. The court noted that Britt's only compliance was the occasional visit with N.T. via Zoom.

At the July and August CASA visits to Britt's home in Missouri, little progress had been made to remove the trash and dangerous items outside the home.

An amended termination-of-parental-rights petition was filed on October 16. DHS alleged the following statutory grounds: (1) failure to remedy[3]—specifically, N.T. was removed from Britt's custody due to unsafe environmental conditions and concerns of inadequate supervision and care.

---

[3]Ark. Code Ann. § 9-27-341(b)(3)(B)(i)*(a)* (Supp. 2021).

Despite the offer of numerous services, Britt failed to maintain stable housing, moving multiple times throughout the case, with the last known residence still in a condition that would pose a danger to N.T.; (2) failure to maintain meaningful contact[4]—during the pendency of the case, Britt was offered sixty-nine visits, yet attended only eight, none of which were in person since January 29, 2020; (3) abandonment[5]—Britt failed to take responsibility as a parent, failed to cooperate with services designed to make her a fit parent, and failed to visit N.T. in person in ten months; (4) subsequent factors[6]—Britt tested positive for drugs in December 2019 and April 2020 and refused to submit to other drug screens or attend drug treatment despite court orders to do so. She also failed to maintain stable housing, failed to follow the case plan or court orders, failed to visit N.T., continued to be involved in situations with domestic violence and criminal conduct that would pose a threat of harm to N.T., and failed to appropriately deal with mental-health issues; and (5) aggravated circumstances[7]—Britt's parental rights to her five older children were involuntarily terminated.

After several continuances, the termination petition was set for an in-person hearing to be held on November 19. An order was issued on November 6 modifying the hearing to a Zoom hearing. To avoid connection issues, Britt was ordered to appear at the Fulton County DHS office to participate in the Zoom hearing.

At the termination hearing, Britt failed to appear. Her counsel read the following alleged text from Britt into the record:

---

[4]Ark. Code Ann. § 9-27-341(b)(3)(B)(ii)*(a)*.

[5]Ark. Code Ann. § 9-27-341(b)(3)(B)(iv).

[6]Ark. Code Ann. § 9-27-341(b)(3)(B)(vii)*(a)*.

[7]Ark. Code Ann. § 9-27-341(b)(3)(B)(ix).

I'm messaging you cause I hardly have a voice to talk no I'm not in Fulton County and I have a good reason not to be I'm running hot burning fevers and my throat feels like it's closing I can't talk hardly I'm not subjecting other people to that I'll do my be to stay awake and be on screen

Britt's counsel continued, "It is difficult to read the text because there's no punctuation in it and I have trouble determining where sentences end and where they begin. Based on that communication, Judge, I'm going to deem that as a request from Ms. Britt for a continuance due to her illness and I make that motion." DHS objected to the motion for continuance. The attorney ad litem also objected, asserting that Britt "has repeatedly used Covid positivity and illness as excuses in the past. I would object just because my client has been in care for a year and we need to resolve this. I don't think the mother will ever appear." DHS stated that Britt had on four occasions used illness as an excuse for her failure to appear in court or on Zoom. Subsequently, the circuit court denied Britt's continuance motion and proceeded with the termination-of-parental-rights hearing.

On June 30, 2021, the circuit court entered an order terminating Britt's parental rights to N.T. on three statutory grounds: (1) failure to remedy,[8] (2) subsequent factors,[9] and (3) aggravated circumstances.[10] The circuit court further found that termination was in N.T.'s best interest considering both the likelihood of adoption and the risk of harm to her if returned to Britt. Britt now appeals the termination order.

This court reviews termination-of-parental-rights cases de novo.[11] Grounds for termination of parental rights must be proved by clear and convincing evidence, which is that degree of proof that will

---

[8]Ark. Code Ann. § 9-27-341(b)(3)(B)(i)*(a)*.

[9]Ark. Code Ann. § 9-27-341(b)(3)(B)(vii)*(a)*.

[10]Ark. Code Ann. § 9-27-341(b)(3)(B)(ix).

[11]*Dinkins v. Ark. Dep't of Hum. Servs.*, 344 Ark. 207, 40 S.W.3d 286 (2001).

produce in the finder of fact a firm conviction of the allegation sought to be established.[12] The appellate inquiry is whether the circuit court's finding that the disputed fact was proved by clear and convincing evidence is clearly erroneous.[13] A finding is clearly erroneous when, although there is evidence to support it, the reviewing court on the entire evidence is left with a definite and firm conviction that a mistake has been made.[14] In resolving the clearly erroneous question, we give due regard to the opportunity of the circuit court to judge the credibility of witnesses.[15]

To terminate parental rights, a circuit court must find by clear and convincing evidence that termination is in the best interest of the juvenile, taking into consideration (1) the likelihood that the juvenile will be adopted if the termination petition is granted and (2) the potential harm, specifically addressing the effect on the health and safety of the child caused by returning the child to the custody of the parent.[16] The circuit court must also find by clear and convincing evidence that one or more statutory grounds for termination exist.[17] Proof of only one statutory ground is sufficient to terminate parental rights.[18] Termination of parental rights is an extreme remedy and in derogation of a parent's natural rights; however, parental rights will not be enforced to the detriment or destruction of the health and

---

[12]*Tillman v. Ark. Dep't of Hum. Servs.*, 2015 Ark. App. 119.

[13]*Id.*

[14]*Id.*

[15]*Id.*

[16]Ark. Code Ann. § 9-27-341(b)(3)(A)(i) & (ii).

[17]Ark. Code Ann. § 9-27-341(b)(3)(B).

[18]*Tillman*, *supra*.

well-being of the child.[19]   The intent behind the termination-of-parental-rights statute is to provide permanency in a child's life when it is not possible to return the child to the family home because it is contrary to the child's health, safety, or welfare, and a return to the family home cannot be accomplished in a reasonable period of time as viewed from the child's perspective.[20]

On appeal, Britt does not challenge the sufficiency of the evidence supporting the statutory grounds for termination of her parental rights or the circuit court's best-interest findings.  Because she has not challenged the circuit court's decision as to the grounds for termination or best interest, we need not address them on appeal.[21]   Britt argues only that the circuit court erred in denying her motion for continuance made at the termination hearing.

A motion for continuance should be granted only upon a showing of good cause.[22]   We will not reverse a denial of a motion for a continuance absent an abuse of discretion amounting to a denial of justice.[23]   To find an abuse of discretion, the circuit court must have acted improvidently and without due consideration.[24]   Lack of diligence by the moving party is sufficient reason to deny a motion for

[19]*Id.*

[20]Ark. Code Ann. § 9-27-341(a)(3).

[21]*Everly v. Ark. Dep't of Hum. Servs.*, 2019 Ark. App. 528, 589 S.W.3d 425.

[22]*Butler v. Ark. Dep't of Hum. Servs.*, 2010 Ark. App. 570, at 4.

[23]*Smith v. Ark. Dep't of Hum. Servs.*, 93 Ark. App. 395, 401, 219 S.W.3d 705, 708 (2005).

[24]*Wright v. Ark. Dep't of Hum. Servs.*, 2018 Ark. App. 503, 560 S.W.3d 827.

continuance.[25]  Additionally, we will not reverse absent a showing of prejudice from the denial of the motion for continuance.[26]

Britt argues that the circuit court abused its discretion when, given her "Covid-type symptoms" it denied her motion for continuance.  She asserts that the pandemic "would certainly warrant a more cautious approach to a hearing that seeks the most extreme consequences in America's civil legal system."

On June 11, 2020, the supreme court issued a per curiam announcing its newest protocols to help protect the public in response to the COVID-19 pandemic.[27]  While giving courts discretion to hold in-person hearings,  courts were also directed to consider the growth rate of the virus in the area, the size of the venue in which court was conducted, the security measures necessary to conduct trials, the availability of personal protective equipment, and other relevant factors.  Britt contends that the circuit court acted improvidently by failing to consider the factors outlined in the per curiam.  She further argues that the seriousness of the hearing requires that parents be fully and wholly present in order to effectively defend the allegations against them.  To the extent Britt contends that the circuit court failed to consider the factors outlined in the per curiam and perform the appropriate analysis because it was not reduced to writing, we note that the court, in the exercise of its discretion, was not required to provide specific findings on the factors.  In the absence of a statute or rule requiring specific findings of fact or a timely request for specific findings under Arkansas Rule of Civil Procedure 52, the appellate court will ordinarily presume that the circuit court made the findings necessary to support its judgment.[28]

---

[25]*Smith*, 93 Ark. App. at 401, 219 S.W.3d at 708.

[26]*Martin v. Ark. Dep't of Hum. Servs.*, 2015 Ark. App. 407, at 4, 465 S.W.3d 881, 883–84.

[27]*See In re Response to the COVID-19 Pandemic*, 2020 Ark. 249 (per curiam).
[28]*Crawford v. Ark. Dep't of Hum. Servs.*, 2019 Ark. App. 474, 588 S.W.3d 383.

The denial of a motion for continuance will not be reversed absent a showing of prejudice.[29] Although Britt contends that the denial of the continuance motion was highly prejudicial, she fails to identify any actual prejudice. At the hearing, there was no proffer of testimony made; only a vague argument made by counsel that he was unable to call her as a witness to put forth her testimony. A circuit court does not abuse its discretion in denying a motion for continuance on the basis of the absence of witnesses where no proffer was made of what the witnesses would testify to.[30] She fails to explain how she was prejudiced or how her presence would have affected the outcome of the termination proceedings. Importantly, Britt does not challenge statutory grounds supporting the termination of her parental rights to N.T. She also does not dispute that termination was in N.T.'s best interest. Because she has not challenged these issues, they are considered waived on appeal. Given such waivers, Britt cannot establish prejudice since she makes no argument that these findings would have been any different if the case had been continued.

Britt does not challenge the sufficiency of the evidence supporting the statutory grounds for termination of her parental rights or the circuit court's best-interest findings. We conclude that Britt has failed in her burden to demonstrate prejudice from the denial of the continuance motion.

For the reasons stated herein, we find no abuse of discretion in the circuit court's denial of Britt's motion for continuance. Therefore, we affirm the order terminating her parental rights.

Affirmed.

KLAPPENBACH and VAUGHT, JJ., agree.

*Leah Lanford*, Arkansas Commission for Parent Counsel, for appellant.

---

[29]*Martin*, *supra*.

[30]*Bone v. Bone*, 12 Ark. App. 163, 671 S.W.2d 217 (1984).

*Andrew Firth*, Ark. Dep't of Human Services, Office of Chief Counsel, for appellee.

*Dana McClain*, attorney ad litem for minor child.