Cite as 2025 Ark. App. 163

# ARKANSAS COURT OF APPEALS
DIVISION III
No. CV-23-794

| | |
|---|---|
| RUTH MILLS | Opinion Delivered March 12, 2025 |
| APPELLANT | |
| | APPEAL FROM THE SALINE COUNTY CIRCUIT COURT, FOURTH DIVISION |
| V. | [NO. 63PR-21-700] |
| LANA MARIE LEDERER | |
| APPELLEE | HONORABLE JOSH FARMER, JUDGE |
| | AFFIRMED |

**CINDY GRACE THYER, Judge**

Ruth Mills appeals the decision of the Saline County Circuit Court denying her motion for continuance. She argues that the court abused its discretion in denying her motion because her attorney was ordered to appear in another court on the same date as her contempt hearing. We affirm.

## I. *Factual and Procedural Background*

This case began with a petition for ex parte emergency guardianship filed by appellee Lana Lederer on November 16, 2021. Lederer sought emergency, temporary, and permanent guardianship of her grandchildren, Minor Child 1 (MC1) and Minor Child 2 (MC2), because their father was unable to care for them for health reasons,[1] and their mother,

---

[1]According to Lederer's petition, the children's father, Casey Lederer, had had sole and exclusive custody of the children but was "currently unable to care for his children

appellant Mills, had recently tested positive for methamphetamine, had a history of substance abuse, and was homeless. The court granted Lederer's emergency petition on November 17.[2] The court also entered an order for immediate drug testing of Mills. The order provided that if Mills tested positive for any substance, she "shall reimburse Petitioner Lana Marie Lederer for the cost of said drug test within ten days of the results." Mills submitted to drug testing on November 17, and the results, filed with the court on November 23, indicated that she tested positive for amphetamines and methamphetamine.

On December 6, citing the results of Mills's drug-test results, Lederer moved for contempt, asserting that Mills had not yet reimbursed her for the $350 cost of the drug test. Following a January 3, 2022 permanent-guardianship and contempt hearing, the court appointed Lederer permanent guardian of MC1 and MC2. In the same order, Mills was ordered to pay Lederer's counsel $350 no later than January 17, 2022, noting that if she did not do so, she would be held in willful contempt.

On June 9, 2022, Mills, represented by an attorney from a new law firm, filed a petition to terminate Lederer's guardianship, arguing that she was fit and able to care for the children and that she had been hampered in the presentation of her case at the final hearing

---

because of a medical condition." Casey Lederer passed away during the pendency of this case.

[2]The court appointed Lederer temporary guardian of MC1 and MC2 on December 8, 2021.

2

due to the court's discovery rulings.[3] Lederer responded to Mills's petition and, on the same day, filed another verified motion for contempt, asserting that Mills still had not reimbursed her the $350 for the drug test. Lederer subsequently propounded a set of requests for admission, asking specifically whether Mills had paid the $350. In response, Mills denied that she had failed to pay the $350.

After a period of inactivity in the case, on February 28, 2023, the circuit court set the matter for a final hearing on August 1, 2023. The morning before the final hearing, Mills, through a different attorney with the same firm, filed a motion for continuance of the hearing, asserting that he was in a jury trial in Garland County that day and "just realized" that he had also been ordered to appear for a sentencing hearing in the United States District Court on August 1. He claimed he had not previously recognized the conflict because "it was actually a case his law partner was assigned to but due to his law partner being suspended from the practice of law for a brief period of time this event did not get placed on his calendar until recently." Lederer objected to the continuance, noting that the motion was filed "less than twenty-four hours before the final hearing that has been set--and the date and time agreed to--for 153 days," and she and her counsel were prepared to proceed. The court denied the motion.

---

[3]Mills claimed her previous attorney had not advised her of the necessity of answering interrogatories and requests for production, which led to the court's exclusion of any of her exhibits or witnesses that had not been properly disclosed.

At 8:25 a.m. on August 1, counsel filed a renewed motion for continuance in advance of the scheduled 9:00 a.m. hearing. He argued that he still had a conflict with the hearing date and time because he had been ordered to appear in the Garland County Circuit Court to finish the jury trial that had not concluded the previous day. The court denied the motion at the outset of the hearing. After terminating the guardianship,[4] the court took testimony on the only matter remaining—the issue of Mills's contempt. At the conclusion of the hearing, the court found Mills in contempt and ordered her to pay Lederer's deposition expenses of $839.20 within six months.

The circuit court entered its order memorializing the contempt ruling on August 11, 2023. Mills filed a timely notice of appeal from the "final order entered by the court on August 11." She now argues as her sole point on appeal that the circuit court erred in denying her motion for continuance.

## II. *Standard of Review*

The decision to grant or deny a motion for continuance is within the sound discretion of the circuit court, and this court will not reverse the circuit court's decision absent an abuse of discretion amounting to a denial of justice. *Dollar Gen. Corp. v. Elder*, 2020 Ark. 208, at 12, 600 S.W.3d 597, 605. An abuse of discretion is a high threshold that does not simply require error in the circuit court's decision but requires that the circuit court act

---

[4]Lederer's counsel informed the court the morning of the hearing that an order had been entered on May 23, 2023, pursuant to which Lederer had adopted MC1 and MC2; thus, the guardianship was no longer needed.

improvidently, thoughtlessly, or without due consideration. *Id.* An appellant must show prejudice from the denial of a continuance, and the burden of showing prejudice is on the appellant. *Id.*

III. *Discussion*

A court "may, upon motion and for good cause shown, continue any case previously set for trial." Ark. R. Civ. P. 40(b). A circuit court, however, has an obligation to manage and control its docket in an efficient manner. *Frost v. Frost*, 2009 Ark. App. 290, at 4, 307 S.W.3d 41, 44. And we have recognized that "it is crucial to our judicial system that trial courts retain the discretion to control their dockets." *Mays v. Viva La Vegan Grocery, Inc.*, 2024 Ark. App. 513, at 19, 700 S.W.3d 750, 767–68.

Mills argues that she clearly demonstrated good cause for a continuance because her attorney was "legitimately engaged in another professional proceeding." She cites cases from other jurisdictions and legal treatises for the proposition that a continuance may be granted if counsel is engaged in another professional proceeding. She does not mention, however, Arkansas caselaw that states that while an attorney's conflicts that cause delays in preparing and presenting a case for trial are matters that should be considered by the trial court, "an attorney's trial schedule conflicts and convenience must be subject to the convenience of the trial court in setting its trial or hearing docket." *Johnson v. Coleman*, 4 Ark. App. 58, 62, 627 S.W.2d 564, 567 (1982).

In *Cableton v. State*, 243 Ark. 351, 420 S.W.2d 534 (1967), our supreme court affirmed the denial of a motion for continuance when counsel had a trial scheduled in

5

another venue on the same day. Quoting *Brickey v. State*, 148 Ark. 595, 598, 231 S.W. 549, 550 (1921), the court observed:

> Counsel who are employed to represent clients having cases pending in courts must so arrange their business as to be able to appear to represent their clients when those cases are called for trial. The business of the courts cannot be controlled, interrupted, or made to conform to the business interests of attorneys. The fact that an attorney may have cases for clients pending in different courts whose terms convene at the same time, and which condition may render it impossible for the attorney to be in attendance at one of the courts, is no imperative reason for the continuance of the causes in which he is employed in the court which he does not attend. These are matters addressed to the sound discretion of the presiding judge of the court, who must conduct the public business entrusted to him in a manner most conductive to the interests of the public whom he serves. It is never an abuse of discretion for the court to refuse to grant a continuance in a cause on account of the absence of employed counsel, unless such counsel is absent by reason of sickness or some other unavoidable casualty. The absence of an attorney from a court where causes are pending in which he is employed as counsel, because of causes pending in other courts in which he is also employed as counsel, is not an unavoidable casualty.

*Cableton*, 243 Ark. at 360, 420 S.W.2d at 539. Under this reasoning, the circuit court here did not abuse its discretion in denying Mills's motion for continuance.

Moreover, as Lederer notes in her brief, Mills retained a law firm to represent her. Two different attorneys from that firm entered their appearances and filed pleadings on her behalf. Although one of those attorneys might have had proceedings in a different court that day, Mills does not explain why the second attorney was unavailable or unable to represent her at the contempt hearing.

Finally, this court has frequently observed that an appellant must show prejudice from the denial of a continuance, and the burden of showing such prejudice is on the appellant. *Mays*, *supra*; *Haeber v. Day*, 2022 Ark. App. 171, 643 S.W.3d 875; *Goodson v. Bennett*, 2018

Ark. App. 444, 562 S.W.3d 847. Mills does not argue, let alone demonstrate, how she was prejudiced by the court's refusal to grant her continuance. *See Britt v. Ark. Dep't of Hum. Servs.*, 2022 Ark. App. 95, 640 S.W.3d 721 (noting that we will not reverse absent a showing of prejudice from the denial of the motion for continuance). Because Mills failed to meet her burden of demonstrating prejudice, we affirm.

Affirmed.

HARRISON and TUCKER, JJ., agree.

*Hurst Law* Group, by: *Josh Q. Hurst*, for appellant.

*Denton, Zachary & Norwood, PLLC*, by: *Andrew Norwood*, for appellee.