Cite as 2025 Ark. App. 402

# ARKANSAS COURT OF APPEALS
DIVISION I

No. CV-24-391

|  |  |
|---|---|
| CALANDRA LOCK-FRASER AND JAHNELL FRASER<br><br>APPELLANTS<br><br>V.<br><br>ARKANSAS DEPARTMENT OF HUMAN SERVICES AND MINOR CHILD<br><br>APPELLEES | Opinion Delivered September 3, 2025<br><br>APPEAL FROM THE HOT SPRING COUNTY CIRCUIT COURT<br>[NO. 30JV-20-69]<br><br>HONORABLE STEPHEN SHIRRON, JUDGE<br><br>AFFIRMED |

**RAYMOND R. ABRAMSON, Judge**

Calandra Lock-Fraser and Jahnell Fraser appeal the denial of their motion for continuance and the grant of the decree of adoption to Victoria and Brandon McCorkle, Minor Child's (MC's) foster parents. Specifically, the Frasers argue that the decree of adoption is void, and therefore, that the circuit court erred in denying their motion for continuance as moot. We affirm.

I. *Background*

The Arkansas Department of Human Services (DHS) filed a petition for dependency-neglect concerning MC on October 23, 2020. In the petition, the affiant attested that there were findings of inadequate supervision, minimal compliance with the case plan, and failures

to protect.[1] MC was removed from the care of her biological parents because the circumstances in the home presented an immediate danger to her health. After multiple, unsuccessful attempts at reunification, parental rights were terminated on May 12, 2023.[2]

DHS initially attempted to place MC with Calandra Lock-Fraser, MC's maternal grandmother; and Jahnell Fraser, Calandra's spouse, but it determined that the Frasers were not suitable caretakers for MC. Specifically, DHS noted that Jahnell had recently been arrested for aggravated assault with Calandra listed as the victim, and Jahnell had previously been arrested in 2018 for pulling a knife on Calandra.[3] Further, DHS noted that MC's biological mother would likely have unrestricted access to MC if she was placed with the Frasers. Consequently, MC was placed in foster care outside the family.

On November 29, 2023, the Frasers sought to intervene in the case, and the circuit court entered an order allowing them to intervene for the sole purpose of pursuing their petition to adopt MC. On February 5, 2024, the Frasers filed their petition for adoption but did not seek DHS's consent for their petition, nor is there evidence that they later tried to obtain DHS's consent. Without DHS's consent, the circuit court was unable to grant the

---

[1] The failure-to-protect claim resulted from the biological mother and father engaging in heavy drug use in front of MC, the mother driving "high" with MC in the vehicle, posting on Facebook Live that MC was getting a "contact high," and the belief that the biological father was dealing controlled substances while caring for MC.

[2] The biological parents appealed, and the termination order was affirmed on appeal. *Moore v. Ark. Dep't of Hum. Servs.*, 2024 Ark. App. 4, 682 S.W.3d 706.

[3] The charges were later dropped or never formally charged.

Frasers' petition. *See* Ark. Code Ann. § 9-9-206(a)(3) (Repl. 2020). On February 21, 2024, the McCorkles filed identical adoption petitions both in the instant case and in a new secondary case.

The circuit court held a post-termination hearing on March 13, 2024.[4] The circuit court set the hearing on the McCorkles' adoption petition on the same day as the hearing on the Frasers' adoption petition, April 10, 2024. On April 5, the Frasers sought a continuance, claiming that they needed additional time to perfect service on DHS. The Frasers renewed their motion for continuance on April 9, alleging only that they needed additional time to perfect service on DHS.

No orders granting or denying the Frasers' two motions for continuance were issued, and all parties were present at the April 10 hearing.[5] At that point, the Frasers' again requested a continuance in order to serve the director of DHS. The Frasers' further requested a continuance on the McCorkles' petition to adopt MC. The Frasers' counsel attested that he had "placed the necessary documents, certified mail, to – to attempt that service" but failed to articulate when he mailed these documents and why he had waited until just before the hearing to do so. Additionally, the Frasers' counsel mistakenly thought that the hearing

---

[4]The Frasers were not present for the post-termination hearing; however, their *limited* intervention allowed them only to petition to adopt MC, and that did not extend to the post-termination hearing.

[5]The Frasers' attorney, Charlie Cunningham, was unable to attend the April 10 hearing but sent another attorney—Logan Mustain—in his stead. Mr. Mustain informed the court that he was "well and sufficiently advised as to what's going on this case."

3

was solely for the purpose of addressing the motions to continue rather than a hearing on the merits: "It's my understanding that, you know, for the purposes of today, really we are addressing the motion to continue."

The circuit court ruled that the Frasers lacked standing to request a continuance in the McCorkles' adoption case. The Frasers then conceded that if the circuit court granted the McCorkles' petition to adopt, their motions for continuance would be moot. The circuit court held in abeyance the Frasers' motion to continue and held the scheduled hearing on the McCorkles' petition. After finding that it was in MC's best interest to be placed with the McCorkles, the circuit court denied the Frasers' motions to continue as moot.

## II. Standard of Review

A motion for continuance shall be granted only upon a showing of good cause. *Grimwood v. Ark. Dep't of Hum. Servs.*, 2019 Ark. App. 417, at 3, 586 S.W.3d 667, 669. The appellant bears the burden of showing that the circuit court's denial of a continuance was an abuse of discretion, and to show an abuse of discretion, the appellant must show that he or she was prejudiced by the denial. *Id.* at 3–4, 586 S.W.3d at 670. A circuit court abuses its discretion when it acts improvidently and without due consideration. *Id.* Lack of diligence by the moving party is sufficient reason to deny a motion for continuance. *Britt v. Ark. Dep't of Hum. Servs.*, 2022 Ark. App. 95, at 7–8, 640 S.W.3d 721, 726. Credibility determinations are within the circuit court's discretion, and appellate courts will not question those determinations on appeal. *Copp v. Ark. Dep't of Hum. Servs.*, 2023 Ark. App. 491, at 13, 679 S.W.3d 380, 390.

III. *Discussion*

On appeal, the Frasers argue that the circuit court abused its discretion when it denied their motion for continuance. Specifically, the Frasers argue that the McCorkles' adoption decree is void because it did not follow the case-numbering mandates under the adoption code; accordingly, it was an abuse of discretion to rely on that adoption decree to dismiss their motion for continuance as moot. Second, the Frasers argue they were prejudiced by the circuit court's abuse of discretion since they were unable to introduce evidence about their custody of MC's half sister and have "their day in court."

First, at the start of the April 10 hearing, the Frasers' counsel conceded that their motion for continuance would become moot if the McCorkles' petition for adoption of MC was granted. The circuit court reiterated this before holding the motion in abeyance: "And as for your continuance in the petition for adoption . . . as you have pointed out, [counsel for the Frasers], even if it were to be granted, it's a moot point if the other case and the adoption is granted therein."

Second, even if the Frasers had standing to collaterally attack the validity of the adoption decree in *another* case, the McCorkles' case, they do not present a compelling argument that the decree is void. The Frasers contend that failure to strictly adhere to the adoption code renders the adoption decree void. In fact, our supreme court has rejected a strict-compliance standard:

> [Appellant's] argument seems to suggest that any noncompliance with the adoption code, however slight, would prohibit a probate court's entry of an adoption decree. Such suggestion by its very nature would extend

5

Arkansas's settled rule so as to permit an adoption order to be set aside for a reason other than fraud, duress, or intimidation. Certainly, no statute is cited to support this idea and our case law, particularly this court's decision in *Pierce*, disabuses us of any such notion.

*See Martin v. Martin*, 316 Ark. 765, 769–70, 875 S.W.2d 819, 821 (1994).[6]

Here, the McCorkles' petition for adoption was filed in the instant case *and* in a new juvenile case. The McCorkles respond that this is proper procedure and cite the "Instructions for the State of Arkansas Circuit Court: Juvenile Dependency-Neglect" as support. Indeed, the state-propagated instructions inform courts that "although an adoption in juvenile court arises from an existing case, it should be filed as a new case and receive a new case number." Accordingly, even if it was improper to create a new case, the error was not sufficient to render the entire adoption decree void, contrary to the Frasers' argument.

Finally, the Frasers have not provided any evidence that they were prejudiced by the denial of their motion for continuance. As support for a finding of prejudice, the Frasers argue that (1) they were not able to present evidence of a relationship between MC and MC's half sibling; and (2) they did not get "their day in court." Neither argument was preserved for appellate review. *Dejarnette v. Ark. Dep't of Hum. Servs.*, 2022 Ark. App. 410, 654 S.W.3d 83. The only reason the Frasers cited in their motion for continuance was the need to perfect

_____

[6]The Frasers cite *London v. Sauerwin*, 2023 Ark. App. 525, as support for their contention that strict adherence to the adoption code is required. *London* does not—in any way—deal with or discuss the adoption code. Nor is it applicable to the instant case. Furthermore, *London* cannot override *Martin*.

service on DHS. Consequently, because these arguments were not preserved for appeal, we do not address them here.

## IV. *Conclusion*

The Frasers bore the burden of demonstrating that the circuit court abused its discretion by failing to grant their motion for continuance. As explained above, they have failed to meet this burden. The adoption decree is not void, and even if the Frasers had standing to challenge the adoption decree in the McCorkles' case, they have failed to preserve any argument that they suffered any prejudice from the circuit court's denial of their motions for continuance.

Affirmed.

BARRETT and WOOD, JJ., agree.

*D. Franklin Arey III*, for appellants.

*Ellen K. Howard*, Ark. Dep't of Human Services, Office of Chief Counsel, for appellee.

*Dana McClain*, attorney ad litem for minor child.