Cite as 2020 Ark. App. 47

# ARKANSAS COURT OF APPEALS

DIVISION I
**No.** CR–19–675

| | |
|---|---|
| JOSEPH JEAN COSSEY<br><br>APPELLANT<br><br>V.<br><br>STATE OF ARKANSAS<br>APPELLEE | **Opinion Delivered:** January 29, 2020<br><br>APPEAL FROM THE SHARP COUNTY CIRCUIT COURT<br>[NOS. 68CR–17–185, 68CR–17–246]<br><br>HONORABLE HAROLD S. ERWIN, JUDGE<br><br>AFFIRMED; REMANDED TO CORRECT SENTENCING ORDER |

## RAYMOND R. ABRAMSON, Judge

Joseph Jean Cossey appeals the Sharp County Circuit Court order revoking his probation. On appeal, Cossey argues that the circuit court erred by denying his motion in arrest of judgment. We affirm the revocation but remand the case with instructions to correct the sentencing order.

On October 4, 2018, the Sharp County Circuit Court sentenced Cossey to sixty months' probation for possession of methamphetamine or cocaine with the purpose to deliver pursuant to Arkansas Code Annotated section 5-64-420(b)(1) (Repl. 2016), possession of drug paraphernalia pursuant to Arkansas Code Annotated section 5-64-443(a)(2) (Supp. 2019), two counts of possession of drug paraphernalia pursuant to Arkansas Code Annotated section 5-64-443(b), and residential burglary.

On March 12, 2019, the State filed a petition to revoke Cossey's probation alleging that he had violated his probation terms by shoplifting, associating with persons engaged in criminal activity, and failing to pay court-ordered fines, restitution, and costs. On June 26, the court held a revocation hearing and found that Cossey had committed all three violations listed in the petition. The court revoked Cossey's probation and sentenced him to a total of 120 months' imprisonment and 120 months' suspended sentence.

On June 28, Cossey filed a motion in arrest of judgment. He asserted that his sentence violated his Fifth Amendment due-process rights and his Sixth Amendment right to a jury trial under the United States Constitution. He cited *United States v. Haymond*, 139 S. Ct. 2369 (2019). On July 12, the court entered an order denying Cossey's motion. This appeal followed.

On appeal, Cossey argues that the circuit court erred by denying his motion in arrest of judgment because pursuant to *Haymond*, his rights under the Fifth and Sixth Amendments were violated when the circuit court imposed a sentence more than the statutory minimum. In other words, he argues that *Haymond* requires that the circuit court may sentence him to only the statutory minimum on the revocation of his probation.

We disagree with Cossey's interpretation of *Haymond* and its applicability to this case. In *Haymond*, the United States Supreme Court considered whether 18 U.S.C. § 3582(k), a provision of the supervised-release statute that applied to certain offenses, infringed on a defendant's Fifth and Sixth Amendment rights by a judge, "acting without a jury and based only on a preponderance of the evidence," to impose "new punishment in the form of a prison term" that increased "the legally prescribed range of allowable

2

sentences" simply because the defendant violated the terms of his supervised release. 139 S. Ct. at 2378. The plurality opinion concluded that it did, explaining that "a jury must find any facts that trigger a new mandatory minimum prison term" upon revocation of supervised release. *Id.* at 2380 (emphasis removed). Thus, *Haymond* does not require a court to sentence a defendant to only the statutory minimum on a revocation probation. Accordingly, we find *Haymond* inapplicable to this case and hold that the circuit court did not err by denying Cossey's motion in arrest of judgment.

We therefore affirm Cossey's revocation, but we must also address an error in the court's sentencing order. The sentencing order reflects that the court revoked Cossey's probation on two counts of residential burglary. However, Cossey was on probation for only one count of residential burglary. On remand, we direct the court to correct this error.

Affirmed; remanded to correct sentencing order.

GRUBER, C.J., and MURPHY, J., agree.

*R.T. Starken*, for appellant.

*Leslie Rutledge*, Att'y Gen., by: *Christopher R. Warthen*, Ass't Att'y Gen., for appellee.