Cite as 2025 Ark. App. 131

# ARKANSAS COURT OF APPEALS

DIVISION I

No. CR-24-235

| | |
|---|---|
| SAMANTHA CAMERON<br><br>APPELLANT<br><br>V.<br><br>STATE OF ARKANSAS<br><br>APPELLEE | **Opinion Delivered** February 26, 2025<br><br>APPEAL FROM THE CRAWFORD COUNTY CIRCUIT COURT<br>[NOS. 17CR-19-763; 17CR-20-123]<br><br>HONORABLE MARC MCCUNE, JUDGE<br><br>AFFIRMED; REMANDED TO CORRECT SENTENCING ORDER |

## WAYMOND M. BROWN, Judge

Appellant Samantha Cameron appeals an order of the Crawford County Circuit Court revoking her suspended imposition of sentence (SIS). On appeal, Cameron argues there was insufficient evidence to support the revocation decision. We affirm the revocation of Cameron's SIS; however, we remand to correct an error on the sentencing order.

This revocation originates from two underlying cases. On June 22, 2020, Cameron pled guilty to first-degree criminal mischief, four counts of aggravated assault, and first-degree endangering the welfare of a minor in case number 17CR-19-763. That same day, she also pled guilty to failure to appear in case number 17CR-20-123. She was sentenced to ten years' SIS on the failure-to-appear and aggravated-assault offenses; she was sentenced to six years' SIS on the criminal-mischief and endangering-the-welfare-of-a-minor offenses. The sentences were ordered to run

concurrently. Additionally, Cameron was ordered to pay $16,228 in restitution. By her signature, Cameron acknowledged the terms and condition of her SIS.

On September 25, 2023, the State filed a petition to revoke Cameron's SIS, alleging that

[o]n or about January 1, 2023, [Cameron] was cited for driving on suspended license and on September 7, 2023, pled guilty to driving while license suspended 3rd offense and was sentenced to 6 days in the Crawford County Detention Center. On or about July 8, 2022, [Cameron] was identified in the Wal-Mart on Zero Street in Fort Smith, Arkansas and assisted in stealing $68 worth of groceries and currently has a warrant pending out of Fort Smith District Court for shoplifting. Said conduct is a violation of [Cameron's] terms and conditions of her suspended sentence.

At the December 27, 2023, revocation hearing, the State introduced a certified copy of Cameron's September 7 conviction for driving on a suspended license, a misdemeanor offense, for which she was sentenced to serve six days in the Crawford County Detention Center. The State then rested without presenting any witness testimony. Cameron moved for a directed verdict, arguing that the State failed to present sufficient evidence to sustain a revocation. Particularly, Cameron asserted that the conditions of her SIS required that she not commit any criminal offenses; however, driving on a suspended license is a traffic offense and not relevant to the revocation of her SIS. The circuit court denied the motion. Cameron rested without presenting evidence and renewed the directed-verdict motion, which the court again denied. Cameron's suspended sentence was revoked, and she was sentenced to ten years' incarceration for the failure-to-appear offense as well as concurrent sentences of ten years' SIS for the criminal-mischief offense and six years' SIS for the four counts of aggravated assault. She timely appealed.

A court may revoke a defendant's suspended sentence at any time prior to the expiration of the period of the suspended sentence if the court finds by a preponderance of the evidence that the

defendant has inexcusably failed to comply with a term or condition of the SIS.[1]  The State has the burden of proving that a condition of the SIS was violated.[2]  The State need only show that the defendant committed one violation in order to sustain a revocation.[3]  We will not reverse the circuit court's findings unless they are clearly against the preponderance of the evidence.[4]  We defer to the circuit court's superior position in determining the credibility of witnesses and the weight to be given to their testimony.[5]

On appeal, Cameron challenges the sufficiency of the evidence to support the revocation. Specifically, she argues that the circuit court erred in revoking her suspended sentence because the State failed to prove that she violated a condition of her SIS.  Cameron does not dispute that she was driving on a suspended license.  Instead, her argument is that driving while her license was suspended is a traffic violation, not a criminal offense, and her SIS was not conditioned on not committing a traffic offense but was conditioned on her not committing a criminal offense.

The first condition of Cameron's SIS provided, "You must not commit a criminal offense punishable by imprisonment."  Cameron was convicted of driving on a suspended license in violation of Arkansas Code Annotated section 27-16-303,[6] which provides:

---

[1]Ark. Code Ann. § 16-93-308(d) (Supp. 2023).

[2]*Baker v. State*, 2016 Ark. App. 468.

[3]*Vangilder v. State*, 2018 Ark. App. 385, 555 S.W.3d 413.

[4]*Baker*, *supra*.

[5]*Id*.

[6](Repl. 2022).

(a)(1) Any person whose driver's license or driving privilege as a resident or nonresident has been cancelled, suspended, or revoked as provided in this chapter and who drives any motor vehicle upon the highways of this state while the license or privilege is cancelled, suspended, or revoked is guilty of a misdemeanor.

(2) Upon conviction, an offender shall be punished by imprisonment for not less than two (2) days not more than six (6) months, and there may be imposed in addition thereto a fine of not more than five hundred dollars ($500).

Thus, according to the plain language of the statute, driving on a suspended license is a misdemeanor criminal offense punishable by imprisonment. Clearly, jail time is an authorized sentence for the offense; therefore, the evidence supports the finding that Cameron violated a condition of her SIS.[7] Notably, in her argument, Cameron concedes that "[t]his offense is punishable by a short term of imprisonment" and that she pled guilty to the offense and was sentenced to six days' incarceration. Furthermore, section 27-16-303(a)(1) makes clear that driving while one's license is suspended is a misdemeanor offense, and misdemeanor offenses are crimes pursuant to the Arkansas Criminal Code.[8] Accordingly, we affirm the circuit's court's revocation of Cameron's SIS.

We must remand this case, however, for correction of a clerical error in the circuit court's sentencing order. Cameron was on an SIS for failure to appear, first-degree criminal mischief, first-degree endangering the welfare of a minor, and four counts of aggravated assault. In its oral ruling, upon revocation, the circuit court sentenced Cameron to serve concurrent sentences of ten years' incarceration for the failure-to-appear conviction, ten years' SIS for first-degree criminal-mischief conviction, and six years' SIS for first-degree endangering the welfare of a minor and each of the four counts of aggravated assault. However, the sentencing order entered on January 3, 2024, omitted

---

[7]*See Nichols v. State*, 2019 Ark. App. 317.

[8]*See* Ark. Code Ann. § 5-1-107 (Repl. 2024).

Cameron's sentence for the revocation of her underlying conviction on first-degree endangering the welfare of a minor. Therefore, we affirm the revocation but remand to the circuit court to correct the omission in the sentencing order.[9]

Affirmed; remanded to correct sentencing order.

ABRAMSON and HIXSON, JJ., agree.

*Tim Cullen*, for appellant.

*Tim Griffin*, Att'y Gen., by: *Rebecca Kane*, Ass't Att'y Gen., for appellee.

---

[9] *See, e.g.*, *Cossey v. State*, 2020 Ark. App. 47.