Cite as 2026 Ark. App. 328

# ARKANSAS COURT OF APPEALS
## DIVISION II
### No. CR-25-641

| | |
|---|---|
| BRYAN TANSKLEY<br><br>APPELLANT<br><br>V.<br><br>STATE OF ARKANSAS<br><br><br>APPELLEE | **Opinion Delivered:** May 20, 2026<br><br>APPEAL FROM THE ASHLEY COUNTY CIRCUIT COURT [NO. 02CR-20-140]<br><br><br>HONORABLE ROBERT B. GIBSON III, JUDGE<br><br><br><br>AFFIRMED; MOTION TO WITHDRAW GRANTED; REMANDED TO CORRECT SENTENCING ORDER |

**STEPHANIE POTTER BARRETT, Judge**

This is a no-merit appeal filed on behalf of Bryan Tanksley ("Tanksley") following the

Ashley County Circuit Court's revocation of his suspended imposition of sentence in case

no. 02CR-20-140.[1] Pursuant to *Anders v. California*, 386 U.S. 738 (1967), and Rule 4-3(b) of

the Rules of the Supreme Court and Court of Appeals, counsel for Tanksley has filed a no-

---

[1]There are two companion cases dealing with the revocation of Tanksley's SIS in case no. 02CR-20-181 and his conviction in case no. 02CR-24-58. The circuit court held one revocation hearing on the State's petitions in case no. 02CR-20-140 and 02CR-20-181 and imposed sentence on the revocations after the jury sentencing in case no. 02CR-24-58. Counsel filed three separate appeals containing substantially similar points on appeal, and we are also handing down opinions in the companion cases today. *See Tanksley v. State*, 2026 Ark. App. 321, ___ S.W.3d ___; *Tanksley v. State*, 2026 Ark. App. 322, ___ S.W.3d ___.

merit brief and a motion to withdraw, asserting that there is no issue of arguable merit to raise on appeal. The clerk of this court provided Tanksley with a copy of his counsel's brief and notified him of his right to file a pro se statement of points for reversal, which Tanksley has not done. We affirm and grant the motion to withdraw; however, we remand in order to correct an error on a sentencing order.

On September 28, 2020, Tanksley entered negotiated guilty pleas as an habitual offender to possession of methamphetamine, a Class D felony, and possession of drug paraphernalia, a Class D felony in case no. 02CR-20-140.[2] He was sentenced to seventy-two months in the Arkansas Division of Correction ("ADC") with twenty-four months' suspended imposition of sentence ("SIS") on each count to run concurrently. The terms and conditions of his SIS prohibited him from committing a felony or criminal offense punishable by imprisonment or possessing controlled substances.

On April 2, 2024, the State petitioned for revocation of Tanksley's SIS. The State alleged Tanksley violated the terms of his SIS because he was arrested on drug-related charges.

On December 16, 2024, the circuit court held the revocation hearing. The circuit court took judicial notice of the SIS orders and conditions without objection. Josh Pollock

---

[2]Also in September 2020, Tanksley pled guilty as a habitual offender to possession of a controlled substance, Sched. I/II; possession of drug paraphernalia; and possession of a controlled substance, Sched. VI in case no. 02CR-20-181, and the circuit court imposed an aggregate sentence of six years' imprisonment and two years' SIS to run concurrently with his sentence in 02CR-20-140.

("Pollock"), an investigator with the Ashley County Sheriff's Department, testified that officers searched Tanksley's residence on March 14, 2024, and located two vials of morphine in a dresser drawer. Tanksley objected to Pollock's characterization of the substance as morphine. The circuit court did not expressly rule on the objection before the State continued its examination. Pollock testified that, based on his training and experience, he believed it to be morphine. He stated that they also located two glass pipes commonly used for smoking methamphetamine. He also testified that he submitted the vials to the crime lab, and they tested positive for morphine.

Tanksley testified that he attended multiple daily meetings and participated in a substance-abuse program through Covenant Recovery in Pine Bluff, Arkansas. Tanksley further stated that he entered the year-long substance abuse program on April 23, 2024. A letter from Covenant Recovery Rehabilitation Program was introduced reflecting that Tanksley had been drug tested and passed. Daniel Shelton ("Shelton") testified that Tanksley was successful in the program. The circuit court administered a drug screen at the hearing, and Tanksley passed the test.

After Tanksley rested, he requested that the circuit court allow him additional time to complete the Covenant Recovery program before ruling on the revocation petition. The circuit court noted Tanksley's anticipated graduation date and stated it would prefer to allow Tanksley to complete the treatment before making its ruling. The circuit court then continued the disposition of the revocation petition, and left the record open for additional evidence on sentencing

3

On May 28, 2025, the circuit court held a pretrial hearing at which the State withdrew all plea offers and Tanksley requested a jury trial in case no. 02CR-24-58. The circuit court ruled that it would hold its decision regarding the revocation in abeyance and would make its ruling on the revocation after the trial.

On June 17, 2025, Tanksley pled guilty in case no. 02CR-24-58 to possession of a controlled substance and possession of drug paraphernalia, and the matter proceeded to jury sentencing.[3]

Before the jury returned its sentencing recommendation in case no. 02CR-24-58, the State requested that Tanksley submit to alcohol testing in connection with the pending revocation matters. Tanksley did not object, and the circuit court granted the request. During a recess, Tanksley submitted to alcohol and drug testing. The urine test reflected positive for buprenorphine and alcohol, and a subsequent portable breath test reflected a 0.02.

After the jury was excused, the circuit court turned to the pending revocation petition in case no. 02CR-20-140 and sentenced Tanksley to three years' imprisonment in the ADC plus six years' suspended imposition of sentence on the possession of controlled substance and three years' imprisonment in the ADC plus six years suspended on the possession of drug paraphernalia charge, with the sentences to run consecutively. The circuit court ordered

---

[3]The companion case, *Tanksley v. State*, 2026 Ark. App. 322, ___ S.W.3d ___, handed down today sets forth the facts of the jury sentencing proceeding for case no. 02CR-24-58.

4

the revocation sentence to run consecutively to the sentence imposed in case no. 02CR-24-58.

This appeal concerns only the revocation proceedings in case no. 02CR-20-140, and we therefore address only the adverse rulings arising from those proceedings.

Counsel for Tanksley contends that there is no meritorious argument that could serve as the basis for an appeal regarding the sufficiency of the State's evidence against him for violating the terms and conditions of his suspended sentence.

A court may revoke a defendant's suspended sentence at any time prior to the expiration of the period of the suspended sentence if the court finds by a preponderance of the evidence that the defendant has inexcusably failed to comply with a term or condition of the SIS. *See* Ark. Code Ann. § 16-93-308(d). The State need only show that the defendant committed one violation in order to sustain a revocation. *Cameron v. State*, 2025 Ark. App. 131 at 2–3, 707 S.W.3d 513, 515. We will not reverse the circuit court's findings unless they are clearly against the preponderance of the evidence. *Id.* at 3. Here, the circuit court took judicial notice of Tanksley's suspended imposition of sentence conditions, including that he cannot commit a felony or criminal offense punishable by imprisonment or possess controlled substances. Tanksley later pled guilty in case no. 02CR-24-58 to possession of a controlled substance and possession of drug paraphernalia. Accordingly, there is no meritorious argument that the circuit court erred in revoking Tanksley's suspended sentence.

Counsel for Tanksley next contends that there is no meritorious argument challenging the sentence imposed following revocation. If a court revokes a defendant's

suspension of sentence or probation, the court may enter a judgment of conviction and may impose any sentence on the defendant that might have been imposed originally for the offense of which he or she was found guilty. Ark. Code Ann. § 16-93-308(g)(1)(A). Here, the sentence imposed was within the statutory range authorized for a habitual offender with four or more prior felony convictions who was convicted of a class D felony. *See* Ark. Code Ann. § 5-4-501. Accordingly, there is no meritorious basis to challenge the sentence imposed following revocation.

Counsel for Tanksley next addresses the adverse ruling concerning Pollock's testimony identifying a suspected drug as morphine during the revocation hearing. This court reviews evidentiary rulings under an abuse-of-discretion standard and will not reverse absent an abuse of that discretion and a showing of prejudice. *Holliman v. State*, 2023 Ark. App. 390, at 4, 676 S.W.3d 28, 283. Although Tanksley objected to the characterization of the substance, no ruling was obtained by Tanksley from the circuit court about the objection. Because Tanksley failed to obtain a ruling on the objection, the issue is not preserved for appellate review. *See Dowty v. State*, 363 Ark. 1, 9, 210 S.W.3d 850, 855 (2005). However, later testimony established that the substance was morphine. Thus, any alleged error was immaterial and not prejudicial.

The final adverse ruling addressed by counsel for Tanksley is the circuit court's consideration of Tanksley's portable breath test ("PBT") results before sentencing for the revocation. Counsel contends that any error was harmless because additional testing reflected positive results for alcohol and the rules of evidence do not apply in revocation

proceedings. Because Arkansas Rules of Evidence are not strictly applicable in revocation proceedings, the circuit court could consider the PBT results prior to sentencing on the revocation petition. *See* Ark. R. Evid. 1101(b)(3). Under these circumstances, there is no meritorious argument that the circuit court erred in considering the PBT results during sentencing on the revocation petition and any error would have been harmless because additional testing reflected positive results. Accordingly, there is no meritorious basis for reversal.

When filing a no merit brief, the test for counsel is not whether there is any reversible error but whether an appeal would be wholly frivolous. *Nichols v. State*, 2023 Ark. App. 11, 6, 659 S.W.3d 519, 523. Pursuant to *Anders*, however, we are required to fully examine all the proceedings to determine whether the case is wholly frivolous. *Id.* From our review of the record and the brief presented to us, we conclude there is compliance with *Anders* and Rule 4-3(b) and that there is no nonfrivolous argument that could serve as the basis for an appeal.

However, we must remand this case for correction of a scrivener's error in the circuit court's sentencing order. *See Walls v. State*, 2023 Ark. App. 49, at 6, 659 S.W.3d 741, 744. The box indicating the subsection that "defendant was sentenced as a habitual offender, pursuant to A.C.A. 5-4-501" on the sentencing order in case no. 02CR-20-140, entered on September 30, 2020, was not checked. *See, e.g., id.* It is apparent from the record that Tanksley was charged and sentenced as a habitual offender under Ark. Code. Ann. § 5-4-

7

501(b), and this is a clerical error. We therefore affirm and grant the motion to withdraw, but remand to the circuit court to correct the sentencing order.

Affirmed; motion to withdraw granted; remanded to correct sentencing order.

HARRISON and HIXSON, JJ., agree.

*Denise D. McMillan*, for appellant.

One brief only.